### In re MARTIN COUNTY CUSTOM POOLS INC., Debtor.

**Irving GENNET, Trustee Plaintiff,**

v.

**COASTAL WHOLESALE, INC. and Viking Steel Products, Inc., Defendants.**

Bankruptcy No. 83–00365–BKC–TCB.
Adv. No. 83–0870–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 6, 1984.

Leslie Cloyd, Pompano Beach, Fla., for plaintiff.

William G. Shofstall, Jr., West Palm Beach, Fla., for Coastal.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance as a preference of certain transfers to two defendants. The matter was tried on December 20.

The defendant, Viking Steel Products, Inc., did not respond. A separate judgment by default will be entered against that defendant.

The defendant, Coastal Wholesale, Inc., has answered. (C.P. No. 4). It regularly sold pool supplies to the debtor. On December 16 and 27, 1982, it delivered goods of a

total stipulated value of $1,826. More than ten days later, the debtor told defendant to pick up these supplies, because the debtor had ceased operation. Defendant recovered its goods.

Defendant concedes that all of the elements of a preference as defined by 11 U.S.C. § 547(b) are present in this case if the supplies recovered by it were "property of the debtor" when they were recovered.

Defendant claims that its understanding with all its customers was that goods delivered remained the property of the defendant until paid for and that the debtor's failure to pay revested title in the defendant.

 Fla.Stat. § 672.401(1) (U.C.C. § 2–401) provides that:

"any retention or reservation by the seller of the title ... in goods ... delivered to the buyer is limited in effect to a reservation of a security interest."

Defendant never perfected its security interest, if it had one. Title to the goods vested in the debtor upon delivery and remained in the debtor at the time of the transfer.

Alternatively, defendant argues that this transfer falls within the provisions of § 547(c)(2) and, therefore, cannot be avoided by the trustee. The provision in question is:

"The trustee may not avoid under this section a transfer ... to the extent that such transfer was (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made not later than 45 days after such debt was incurred; (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (D) made according to ordinary business terms."

This statutory exception relates only to payment, not to the return of goods delivered. The legislative history reflects that:

"The purpose of this exception is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 373–374, U.S.Code Cong. & Admin.News 1978, p. 5787.

I conclude that this exception does not include the return of inventory to a supplier by a debtor that has suspended its business. If there be room for uncertainty as to the legislative intent here, exceptions from a general statutory scheme are strictly and narrowly construed. *U.S. v. Rutherford,* 442 U.S. 544, 552, 99 S.Ct. 2470, 2475, 61 L.Ed.2d 68 (1979); *Brennan v. Valley Towing Co. Inc.,* 515 F.2d 100, 110 (9th Cir.1975).

It follows that the trustee is entitled to avoid the transfer in question. In this instance, the trustee may recover, for the benefit of the estate, the value of the property returned to the vendor/defendant, $1,826. § 550(a)(1). As is required by B.R. 9021(a), a separate judgment will be entered so providing. Costs may be taxed on motion.