**In the Matter of Dennis Edward BLACKBURN, Debtor.**

**J. Coleman TIDWELL, as Trustee, Plaintiff,**

v.

**CHRYSLER CREDIT CORPORATION, Defendant.**

**Bankruptcy No. 85–50998.**
**Adv. No. 86–5061.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Sept. 24, 1987.

Cheryl S. Sikes of Talbot & Ladson, Macon, Ga., for plaintiff.

Hubert C. Lovein, Jr., of Jones, Cork & Miller, Macon, Ga., for defendant.

## MEMORANDUM OPINION ON COMPLAINT TO AVOID PREFERENTIAL TRANSFER

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

Dennis Edward Blackburn, Debtor, filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 22, 1985. On July 11, 1986, J. Coleman Tidwell, Trustee,[1] filed a complaint against Chrysler Credit Corporation, Defendant, asserting that Defendant had received a preferential transfer which should be avoided.[2] Trustee alleges that Defendant failed to perfect its security interest in Debtor's pickup truck within the twenty-day grace period provided under state law,[3] and that the perfection occurred within ninety days of the filing of the bankruptcy petition.

The Court, having considered the evidence and the briefs of counsel, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

The following facts are established by the stipulation of facts filed with the Court on November 4, 1986, the amendment to the stipulation of facts filed with the Court on November 10, 1986, and the briefs of counsel.

On June 17, 1985, Debtor entered into a retail installment contract with Tom Stimus Dodge, Inc. (Dealer) for the purchase of a 1984 Dodge pickup truck. The total purchase price of the truck was $9977. Debtor paid $300 in cash as a downpayment and received a $2500 trade-in allowance on his 1976 Pontiac Ventura. Defendant agreed to finance the remaining portion of the purchase price for Debtor. Defendant financed a total sum of $8739.78 for Debtor. Defendant also agreed to purchase the retail installment contract from Dealer and as a result of the transfer and assignment, Defendant obtained a security interest in the truck.

The retail installment contract is a pre-printed form drafted by Defendant, which on its face provides that the seller of the vehicle assigns the contract to Defendant. The terms of the assignment are printed on the reverse side of the contract.

---

1. J. Coleman Tidwell was appointed as Trustee on July 22, 1985.

2. *See* 11 U.S.C.A. § 547 (West 1979 & Supp. 1987).

3. *See* O.C.G.A. § 40–3–50(b) (1985).

Under the terms of the assignment, Dealer was responsible for filing the application for the certificate of title.[4] Dealer submitted the title application to the proper state authority on July 11, 1985, twenty-four days after the sale of the truck.

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 22, 1985. On July 23, 1985, the State Motor Vehicle Department issued the certificate of title. The certificate listed Defendant as a first lienholder.

On July 24, 1985, Dealer took possession of the truck without notifying Defendant. Dealer then sold Debtor the 1976 Pontiac Ventura that had been used as a trade-in in the original transaction between Debtor and Dealer. Following the repossession, Dealer repurchased the contract from Defendant for the unpaid balance of the purchase price. Dealer subsequently sold the truck to a second purchaser for $9000 on August 27, 1985.

## CONCLUSIONS OF LAW

Defendant has conceded that the perfection of its security interest constituted a preferential transfer under section 547(b).[5] Defendant contends, however, that the transfer is immune from Trustee's avoidance powers under section 547(c)(1) and (2).[6] Alternatively, Defendant contends that it is an immediate transferee under section 550,[7] and therefore Trustee is not entitled to recover the value of the pickup from Defendant.

■ Section 547(c)(1) provides:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

11 U.S.C.A. § 547(c)(1) (West 1979 & Supp. 1987). The creditor seeking to prove the nonavoidability of a transfer under section 547(c) bears the burden of proof. 11 U.S.C.A. § 547(g) (West Supp.1987). Defendant asserts that Debtor and Defendant intended the perfection of the security interest to be contemporaneous with the Debtor's taking possession of the truck and that the exchange was in fact substantially contemporaneous. Therefore, Defendant contends that the transfer may not be avoided under subsection (c)(1).

■ The Eleventh Circuit Court of Appeals has previously addressed the issue of whether the subsection (c)(1) exception is available to a creditor in Defendant's position. In *Gower v. Ford Motor Credit Co. (In re Davis)*,[8] the Eleventh Circuit held that the protection of section 547(c)(1) is not available to a creditor holding an interest which secures an enabling loan.[9] To protect a security interest on an enabling loan, a creditor must meet the requirements of section 547(c)(3).[10] Decisions of

---

**4.** The terms of assignment provide: "Seller warrants ... (8) ... Seller has the right to assign this contract and a certificate of title ... will be applied for forthwith...." The Court notes that the assignment terms do not set forth a specific time period within which the seller is to apply for the certificate of title.

**5.** 11 U.S.C.A. § 547(b) (West 1979 & Supp.1987).

**6.** 11 U.S.C.A. § 547(c)(1), (2) (West 1979 & Supp.1987).

**7.** 11 U.S.C.A. § 550 (West 1979 & Supp.1987).

**8.** 734 F.2d 604 (11th Cir.1984).

**9.** *Id.* at 607. *Accord Mann v. General Motors Acceptance Corp. (In re Harley)*, 41 B.R. 276, 279 & n. 1 (Bankr.N.D.Ga.1984).

**10.** Section 547(c)(3) provides:

(c) The trustee may not avoid under this section a transfer—

....

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

the Eleventh Circuit Court of Appeals are binding on this Court. Defendant may not utilize the exception to avoidance set forth in section 547(c)(1). Since Defendant did not perfect its security interest within ten days after Debtor received possession of the truck, Defendant is also not protected by subsection (c)(3).

■ Defendant next contends that the perfection of its security interest occurred in the ordinary course of business of Defendant and Debtor, and thus is within the exception to avoidance provided in subsection (c)(2) of section 547. Subsection (c)(2) provides that a trustee may not avoid a transfer:

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms;

11 U.S.C.A. § 547(c)(2) (West Supp.1987).

Exceptions from a general statutory scheme are to be construed strictly. *United States v. Rutherford,* 442 U.S. 544, 99 S.Ct. 2470, 61 L.Ed. 68 (1979); *Brennan v. Valley Towing Co.,* 515 F.2d 100 (9th Cir. 1975); *Gennet v. Coastal Wholesale, Inc. (In re Martin County Custom Pools, Inc.),* 37 B.R. 52 (Bankr.S.D.Fla.1984). The exception in subsection (c)(2) is designed to protect ordinary trade credit intended to be paid in full within a short period of time. *Marathon Oil Co. v. Flatau (In re Craig Oil Co.),* 785 F.2d 1563, 1567 (11th Cir. 1986).

In *In re Davis,* the Eleventh Circuit concluded that Congress drafted section 547(c)(3) in an effort to establish a national uniform perfection period for enabling loans. 734 F.2d at 607. The Eleventh Circuit stated that it was reluctant to "defeat this uniformity by adopting a rule that would extend the grace period for enabling loans indefinitely." *Id.* The Eleventh Circuit further stated that section 547(c)(3) " 'provides a mechanism by which liens to secure enabling loans might be excepted from avoidance. In doing so it negates the applicability of other means of exception.' " *Id.* (quoting *Gower v. Ford Motor Credit Co. (In re Davis),* 22 B.R. 644, 649, 9 Bankr.Ct.Dec. 657, 661, 6 Collier Bankr. Cas.2d 1391, 1397 (Bankr.M.D.Ga.1982)).

Although the Eleventh Circuit was analyzing a creditor's attempt to utilize the protections of section 547(c)(1), this Court is persuaded that the reasoning of the Eleventh Circuit is applicable to Defendant's argument under section 547(c)(2). To allow Defendant to utilize the section 547(c)(2) exception to avoidance would render the enabling loan exception in section 547(c)(3) virtually meaningless. The Court thus holds that Defendant may not avail itself of the protection of section 547(c)(2).

■ Defendant contends that even though the transfer is not excepted from avoidance under section 547(c), Defendant is an immediate transferee and Trustee is precluded from seeking recovery against it by section 550.[11] Section 550 draws a distinction between the trustee's power to avoid a preference and the trustee's power to recover a transfer from a transferee. H.R.Rep. No. 595, 95th Cong., 1st Sess. 375 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6331; S.Rep. No. 989, 95th Cong., 2d Sess. 90 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5876.

Subsection (a) of section 550 sets forth the general rule for the recovery of an avoided transfer. This subsection provides:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of

---

(B) that is perfected on or before 10 days after the debtor receives possession of such property;

11 U.S.C.A. § 547(c)(3) (West 1979 & Supp. 1987).

11. 11 U.S.C.A. § 550 (West 1979 & Supp.1987).

the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C.A. § 550(a) (West 1979 & Supp. 1987). Subsection (b) limits the trustee's power to recover from immediate or mediate transferees under certain circumstances.[12] Subsection (b) provides:

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C.A. § 550(b) (West 1979).

In *Mann v. General Motors Acceptance Corp. (In re Harley)*,[13] the court held that a creditor who was listed as the first lienholder on the retail installment contract was not an immediate transferee under section 550. 41 B.R. at 281. Defendant contends that *In re Harley* is distinguishable on its facts. Defendant argues that, although it is listed as a first lienholder, it acquired its security interest through the assignment and thus it is an immediate transferee. Defendant's argument is not persuasive. In the Court's view, the factual situation presented in *In re Harley* is identical to the factual situation presently before the Court. Defendant is the original lienholder. Additionally, Dealer submitted the application for a certificate of title for the benefit of Defendant. The submission of the application perfected Defendant's security interest.[14] This perfection is the transfer for which recovery is sought. The Court concludes that Defendant is the initial transferee and the entity

for whose benefit the transfer was made. *Cf. Campbell v. Small Business Administration (In re Campbell)*, 35 B.R. 433, 440 (Bankr.D.S.C.1983) (Bank assigned to SBA its rights in promissory note signed by debtor. When debtor defaulted, bank withdrew funds from debtor's account and transferred funds to SBA. SBA held to be initial transferee and entity for whose benefit transfer was made). Thus, under section 550(a), Trustee may recover from Defendant the value of the property transferred.

■ The purpose of section 550(a) is to restore the financial condition of the estate to the state in which it would have been had the transfer not occurred. *Rieber v. Baker (In re Baker)*, 17 B.R. 392, 395 (Bankr.W.D.N.Y.1982). When the trustee seeks to recover the value of the transferred property, rather than the property itself, the time at which the value is measured depends upon the circumstances of each individual case. *See* 4 *Collier on Bankruptcy* ¶ 550.02 n. 6 (15th ed. 1987). Because of the depreciable nature of the property involved in this adversary proceeding, the Court finds that Trustee is entitled to recover the value of the property at the time of transfer.

Under section 547(e)(2)(B), the transfer for which Trustee seeks recovery occurred when Defendant perfected its interest in the property.[15] Under Georgia law, a security interest which is not perfected within 20 days shall be deemed perfected on the date of the delivery of the application for a certificate of title.[16] The application for the certificate of title was submitted on July 11, 1985. Under Georgia law, Defendant's security interest was perfected on this date, therefore, under the terms of the Bankruptcy Code, July 11, 1985 is the date on which the preferential transfer occurred. Thus, Trustee is entitled to recover the fair market value of the property as of July 11, 1985.

---

12. 11 U.S.C.A. § 550(b) (West 1979).

13. 41 B.R. 276 (Bankr.N.D.Ga.1984).

14. *See* 11 U.S.C.A. § 547(e)(2)(B) (West 1979 & Supp.1987); O.C.G.A. § 40–3–50(b) (1985).

15. 11 U.S.C.A. § 547(e)(2)(B) (West 1979 & Supp.1987).

16. O.C.G.A. § 40–3–50(b) (1985).

574

■ The evidence establishes that on August 27, 1985, when the truck was resold by Dealer, the fair market value of the property was $9000. The Court accepts this amount as the fair market value of the property on July 11, 1985, the date of transfer. Trustee is entitled to recover $9000 plus interest from the date of the filing of this adversary proceeding.

Trustee requests that he be awarded costs in this adversary proceeding. As Trustee has made no showing that he is entitled to such an award, the request must be denied.

An order in accordance with this opinion is attached hereto.

### ORDER ON MEMORANDUM OPINION ON COMPLAINT TO AVOID PREFERENTIAL TRANSFER

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED, ADJUDGED, AND DECREED that the preferential transfer by Dennis Edward Blackburn, Debtor, to Chrysler Credit Corporation, Defendant, is hereby avoided; and it is further

ORDERED that J. Coleman Tidwell, as Trustee, is entitled to recover the value of the property at the time of the transfer, which is determined to be $9000; and it is further

ORDERED that Trustee have judgment against Defendant in the principal amount of $9000 with interest thereon at the legal rate from July 11, 1986, the date this adversary proceeding was commenced, with interest to run until satisfaction of this Court's judgment; and it is further

ORDERED that the request of Trustee for costs to be taxed against Defendant is hereby denied; and it is further

ORDERED that this order be entered on the docket on the date set out below.

