**In re Andrew A. WILLAERT and Frances A. Willaert.**

**Mark C. HALVERSON, Appellant,**

v.

**LE SUEUR STATE BANK, Appellee.**

No. 90–5395.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1991.

Decided Sept. 23, 1991.

Charles W. Ries, argued (Kenneth R. White, on brief), Mankato, Minn., for appellant.

William I. Kampf, argued (Jon C. Nuckles, on brief), Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

Mark C. Halverson appeals the district court's order affirming the bankruptcy court's decision disallowing recovery on a preferential mortgage. We reverse and remand to the district court with directions to

remand to the bankruptcy court for further proceedings consistent with this opinion.

The controlling facts are not complicated. From the mid–1970s until January 1986, Andrew A. Willaert served on Le Sueur Bank's (the bank) board of directors. In the early 1980s the bank made a number of unsecured loans to Andrew and Frances Willaert (the debtors). In December 1985 the debtors gave the bank a mortgage on certain real estate to secure these loans. In May 1986 the debtors sold the land and delivered the sale proceeds to the bank in return for a release of the mortgage. In November 1986 the debtors filed a chapter seven bankruptcy petition.

Halverson, the bankruptcy trustee, sued the bank to recover as an avoidable preference the portion of the sale proceeds equal to the preferential value of the mortgage. *See* 11 U.S.C. § 547(b)(4)(B) (1988) (trustee may avoid preferential transfers made to insiders within one year of bankruptcy). Although the bankruptcy court agreed the mortgage was an avoidable preference given to an insider, the court concluded it would not avoid the mortgage because "the debtors had already divested themselves of the fee title to the [real estate]," and since the bank had already received the sale proceeds "a judgment avoiding that mortgage [would be a] wholly unnecessary ... [and] nugatory act, without real consequence or purpose."

The bankruptcy court then considered the debtor's transfer of the sale proceeds to the bank. Because Andrew Willaert no longer served on the bank's board of directors when the real estate was sold and the bank received the proceeds, and because the debtors did not file for bankruptcy until more than ninety days later, the bankruptcy court concluded the debtors' transfer of the sale proceeds to the bank was not "a transfer avoidable as preferential under 11 U.S.C. § 547(b)." *See id.* § 547(b)(4)(A) (ninety day avoidable preference period applies to non-insider transactions).

■ The bankruptcy court's analysis is flawed in two respects. First, the court mistakenly viewed the transfer of the sale proceeds as a transaction separate and distinct from the underlying mortgage. In the bankruptcy court's view "the two transfers [had to] be analyzed *seriatim* for preference purposes." What the court overlooked, however, is the fact the bank received the sale proceeds because the bank held a preferential mortgage securing the debtors' antecedent debt. Indeed, the transfer of the sale proceeds was the culmination of the mortgage transaction the parties had entered into earlier. We thus agree with the trustee that "the payment was nothing more than the proceeds of the preferential transfer," which allowed the bank to realize full benefit of the tainted mortgage.

■ Second, the bankruptcy court erroneously concluded avoiding the preferential mortgage transaction would be futile. Although the real estate had been sold to a good-faith purchaser for value and could not be returned to the bankruptcy estate, section 550 of the Bankruptcy Code expressly provides the trustee may recover either the property transferred or its value. 11 U.S.C. § 550(a). The bankruptcy court simply failed to recognize this remedy was available to the trustee.

■ As in this case, once it is determined that a transfer is an avoidable preference under section 547(b), the court must fix the transferee's liability under section 550(a). Although the bankruptcy court has discretion under section 550(a) to remedy a preferential transfer by ordering either the property or its value returned to the bankruptcy estate, *In re Vedaa*, 49 B.R. 409, 411 (Bankr.D.N.D.1985), the court does not have discretion to order neither remedy. The fundamental purpose of section 547(b)'s avoidable preference provision is to restore the bankruptcy estate to its pre-preferential transfer condition. Section 550(a) is the vehicle that allows the trustee to accomplish this. Thus, when preferentially transferred property cannot be recovered, the court must order its value returned to the bankruptcy estate. *Cf. In re Beck*, 25 B.R. 947, 954 (Bankr.N.D.Ohio 1982). In this case, the bankruptcy court committed error in failing to order the

bank to return the portion of the sale proceeds equalling the value of the preferential mortgage.

Accordingly, we reverse and remand to the district court with instructions to remand to the bankruptcy court for further proceedings consistent with this opinion. On remand the bankruptcy court should void the preferential mortgage, consider the bank's affirmative defense and the trustee's claim for prejudgment interest, and order the bank to return to the trustee the portion of the sale proceeds equal to the preferential value of the mortgage.