# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 07-6052

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Marlene H. Schwartz, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Randall L. Seaver, Trustee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellee, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Mortgage Electronic Registration | * | |
| Systems, Inc. as nominee for Intervale | * | |
| Mortgage Corporation and for Decision | * | |
| One Mortgage Company, LLC, | * | |
| Intervale Mortgage Corporation, and | * | |
| Decision One Mortgage Company, LLC, | * | |
| | * | |
| Defendants - Appellants. | * | |

Submitted: February 13, 2008
Filed: March 7, 2008

Before SCHERMER, MAHONEY, and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Intervale Mortgage Corporation ("Intervale") and for Decision One Mortgage Company, LLC ("Decision One"), Intervale, and Decision One (collectively referred to as "Lenders") appeal the judgment of the bankruptcy court[1] in favor of Randall L. Seaver ("Trustee"), Trustee of the Chapter 7 bankruptcy estate of Marlene H. Schwartz ("Debtor") avoiding the transfer of mortgage interests in the Debtor's real property to the Lenders as preferential transfers and entering monetary judgments against the Lenders for the value of the Debtor's interest in the property transferred to the Lenders pursuant to the mortgages. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUES

The first issue on appeal is whether the post-petition refinancing of mortgages delinquently perfected during the preference period prevents a trustee from avoiding the preferential mortgages under Section 547 of the Bankruptcy Code. We conclude that a debtor's post-petition refinancing of home mortgages does not impact a trustee's ability to avoid the perfection of the mortgages as preferential transfers.

The second issue on appeal is whether a trustee may obtain a money judgment under Section 550 of the Bankruptcy Code against entities who received preferential mortgages which are avoided under Section 547 of the Bankruptcy Code. We conclude that a trustee may obtain a money judgment against each recipient of an avoided preferential mortgage equal to the value of the preferential mortgage.

---

[1]The Honorable Nancy C. Dreher, Chief United States Bankruptcy Judge for the District of Minnesota.

2

## BACKGROUND

On January 14, 2005, the Debtor signed a note and mortgage in the principal amount of $182,800 in favor of MERS as nominee for Decision One granting Decision One a first mortgage in certain real property. The same day the Debtor signed a note and mortgage in the principal amount of $45,700 in favor of MERS as nominee for Intervale granting Intervale a second mortgage on the same property. Neither mortgage was recorded until February 24, 2005.

On May 3, 2005, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed trustee of the Debtor's bankruptcy estate. In January of 2006, after the Debtor's bankruptcy case was filed but before the Trustee initiated any legal action against the Lenders, the Debtor refinanced her mortgages. Pursuant to the refinancing, the Lenders were paid in full and released their mortgages. On November 21, 2006, the Trustee filed a complaint seeking to avoid the mortgages to Lenders as preferential transfers under Section 547 of the Bankruptcy Code and to recover from the Lenders the value of the Debtor's interest in the real property transferred to the Lenders pursuant to the mortgages under Section 550 of the Bankruptcy Code. The bankruptcy court avoided the mortgages as preferential transfers and entered judgment in favor of the Trustee and against each Lender for the value of the Debtor's interest in the real property transferred to each Lender, respectively. The Lenders appeal the judgment.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's conclusions of law *de novo*. *Peltz v. Edward C. Vancil, Inc. (In re Bridge Info. Sys., Inc.)*, 474 F.3d 1963, 1066 (8th Cir. 2007); *Silverman Consulting, Inc. v. Canfor Wood Prod. Mktg. (In re Payless Cashways, Inc.)*, 394 F.3d 1082, 1083 (8th Cir. 2005).

3

# DISCUSSION

## Recording a Mortgage is a Transfer Subject to Avoidance as Preferential under Section 547 of the Bankruptcy Code

A trustee may avoid a pre-petition transfer of an interest of the debtor in property to or for the benefit of a creditor, for or on account of an antecedent debt, made within ninety days before the filing of the bankruptcy petition while the debtor was insolvent which enables the creditor to receive more than such creditor would receive under a hypothetical Chapter 7 liquidation. 11 U.S.C. § 547(b). Section 547 of the Bankruptcy Code is designed to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution among creditors. *Jones Truck Lines, Inc. v. Central States, Southeast and Southwest Areas Pension Fund (In re Jones Truck Lines, Inc.)*, 130 F.3d 323, 326 (8th Cir. 1997).

The concept of a preference is simple. *Id.* at 325. A trustee can avoid any transfer to a creditor within ninety days before the bankruptcy petition which places the creditor in a better position on the date of the bankruptcy petition than such creditor was in before such transfer was made. As of February 2, 2005, ninety days before the date of the Debtor's bankruptcy petition, the Lenders held unsecured claims against the Debtor. On February 4, 2005, the Lenders recorded mortgages encumbering the Debtor's residence. The recording of a mortgage is a transfer of a property interest subject to avoidance as preferential. *Lindquist v. Dorholt (In re Dorholt)*, 224 F.3d 871, 873 (8th Cir. 2000); *Superior Bank, FSB v. Boyd*, 398 F.3d 735, 746 (6th Cir. 2005); *Givens v. Countrywide Home Loans, Inc. (In re Jarosz)*, 322 B.R. 662, 671 (Bankr. E.D. Wis. 2005). On May 3, 2005, the Lenders held claims against the Debtor secured by mortgage interests in her residence. The recording of the Lenders' mortgages constituted an avoidable preference under Section 547(b) of the Bankruptcy Code. The Lenders do not dispute that the mortgage liens are subject to avoidance as preferences under Section 547 of the Bankruptcy Code. [See

Appellants' Brief, p. 7. ] The Lenders argue that the post-petition refinancing somehow "undoes" the preferential nature of the transfer.[2]  We disagree.

### The Debtor's Post-Petition Refinancing does not Alter the Fact that the Mortgage Liens are Avoidable Preferences

As discussed above, Section 547 of the Bankruptcy Code governs the avoidance of preferential transfers.  Section 547(c) sets forth the situations in which an otherwise preferential transfer may not be avoided.  The most common defenses are the contemporaneous exchange defense, the ordinary course of business defense, and the new value defense.  11 U.S.C. § 547(c)(1), (2), and (4).  The Bankruptcy Code provides additional defenses with respect to certain security interests, statutory liens, and payments of domestic support obligations, and places monetary minimums on amounts which can be recovered as preferential.  11 U.S.C. § 547(c)(3) and (5) – (9).  The voluntary post-petition release of a lien pursuant to a loan refinance is nowhere listed as a defense to the avoidance of a preferential transfer.

The Lenders cite no statutory authority for their asserted post-petition refinance defense because none exists.  Instead, the Lenders argue that the post-petition refinancing renders the preference claims moot, relying on the unpublished opinion *Burchiel v. Fed One Savings Bank (In re Burchiel)*, 1993 WL 597969 (Bankr. N.D. Ohio).  In *Burchiel*, the debtors entered into a contract with a construction company for certain home improvements.  The debtors signed a promissory note and granted a mortgage to the construction company to secure payment of the note.  The construction company immediately assigned the mortgage to the bank with recourse and agreed to indemnify the bank for any claim against it by the debtors.  The debtors

---

[2] See Appellants' Brief, p. 7, where the Lenders state: "But for the actions of the Debtor and the new lender in violation of 11 U.S.C. § 362(a), the Mortgage Liens were subject to avoidance as preferences because the mortgage instruments were not timely filed."

filed bankruptcy and sued the bank to avoid the mortgage as preferential. The bank meanwhile sued the construction company in state court under the indemnity agreement and obtained judgment against the construction company for the balance due under the mortgage. The bankruptcy court determined that the state court judgment had the effect of satisfying the mortgage and without a valid mortgage the mortgage avoidance action was moot.

The *Burchiel* case is distinguishable from the case at hand. In *Burchiel*, no mortgage encumbered the property at the time of the decision in the preference avoidance action. By bringing the state court action, the bank agreed to exchange its mortgage for a judgment against the construction company. After the release of the mortgage, the debtor's property was no longer subject to any encumbrance and the estate owned the property free and clear. The estate thus had the benefit of the unencumbered land and the construction company had an unsecured claim against the debtor's estate as a result of the state court judgment. All parties were in the same position they were in before the mortgage was granted. No avoidance was necessary.

In the present situation, the Debtor's land is subject to an encumbrance in favor of the post-petition mortgagee. The estate is in a worse position than the Debtor was in before the mortgages were recorded. Pre-recording, the Debtor owned the property free of the mortgage liens. Now the estate lacks the benefit of the property because it is subject to liens. With respect to the Lenders, they are in a better position now than they were in before the preferential transfer. Pre-recording, the Lenders held unsecured claims against the Debtor. Now, they have been paid in full and hold no claims. The Lenders have received more than other creditors who held unsecured claims against the Debtors immediately before the mortgages were recorded. The avoidance of the mortgages is thus not moot. Rather, avoidance is necessary to prevent the Lenders from receiving a windfall while other similarly situated creditors receive nothing. This is the text-book definition of a preference and illustrates the

6

reason why Section 547 of the Bankruptcy Code exists. The doctrine of mootness does not apply.

The decision of the Eighth Circuit Court of Appeals in *Halverson v. Le Sueur State Bank (In re Willaert)*, 944 F.2d 463 (8th Cir. 1991) is much more instructive for the situation at hand. In *Willaert*, the debtors granted a mortgage to the bank on account of antecedent debts during the applicable preference period. The debtors later sold the mortgaged property and delivered the sale proceeds to the bank within the preference period. The trustee sued to recover as preferential the portion of the sale proceeds equal to the preferential transfer. The Eighth Circuit Court of Appeals concluded that the granting of the mortgage was an avoidable preferential transfer and that the subsequent payment of the sale proceeds to the bank was nothing more than the proceeds of the preferential transfer. 944 F.2d at 464. The Eighth Circuit Court of Appeals further concluded that the avoidance of the preferential transfer would not be futile notwithstanding the fact that the property had been sold to a third party and was thus not property of the bankruptcy estate. *Id.* Avoidance under Section 547 was still appropriate. To the extent the property was no longer available to the estate, avoidance under Section 547 would allow the trustee to recover the value of the property under Section 550 of the Bankruptcy Code. Such is the situation in the case at hand. The Lenders' mortgages are avoidable as preferential transfers under Section 547 of the Bankruptcy Code notwithstanding subsequent events including the post-petition refinancing.

The Lenders' argument attempts to re-write the Bankruptcy Code to add an additional defense to the avoidance of a preferential transfer. Under the Lenders' argument a post-petition transfer by the recipient of the preferential transfer would allow the recipient to avoid liability. The Bankruptcy Code expressly provides to the contrary. Section 550 of the Bankruptcy Code, which is discussed more fully below, authorizes the trustee to recover the preferential transfer from the initial transferee or any immediate or mediate transferee of such initial transferee. 11 U.S.C. § 550(a).

7

The drafters of the Bankruptcy Code thus contemplated the possibility of post-petition transfers of property the original transfer of which constituted an avoidable preferential transfer and did not elect to make such subsequent transfer a defense to the avoidance of the preference. Instead the drafters of the Bankruptcy Code chose to make it easier for the estate to recover the preferential transfer by permitting recovery from not only the original recipient of the preferential transfer but also from subsequent transferees. The Lenders' argument thus runs contrary to both the spirit and letter of the Bankruptcy Code's provisions governing the avoidance and recovery of preferential transfers.

**The Trustee May Recover Money Damages from the Recipient of a Mortgage Avoided as Preferential under Section 550 of the Bankruptcy Code**

Under Section 550 of the Bankruptcy Code, once a transfer is avoided as preferential under Section 547 or avoided for another reason under certain other sections of the Code, the trustee may recover for the benefit of the estate the property transferred or, if the court so orders, the value of such property from the initial transferee, the entity for whose benefit the transfer was made, or from any immediate or mediate transferee of the initial transferee. 11 U.S.C. § 550(a). The purpose of Section 550 is to restore the debtor's financial condition to the state it would have been had the avoided transfer not occurred. *In re Willaert*, 944 F.2d at 464; *Stalnaker v. DLC, Ltd. (In re DLC, Ltd.)*, 295 B.R. 593, 606-07 (B.A.P. 8th Cir. 2003). The court has the discretion to order either the return of the property or the payment of its value – whichever remedy is appropriate to fulfill the statutory purpose.

The Lenders are the initial transferees of the avoided mortgages. The Trustee is entitled to recover the avoided mortgages or the value thereof as determined by the bankruptcy court. In this case the bankruptcy court entered a money judgment against each Lender for the value of such Lender's mortgage interest in the real property as authorized by Section 550 of the Bankruptcy Code in order to restore the estate to the position it would be in if the mortgages had not been recorded. Without the

mortgages, the Lenders would have unsecured claims and the estate would include the real property unencumbered by the mortgages. The unencumbered property would be available for sale by the Trustee with the proceeds available for distribution to creditors. If the Lenders' mortgages were avoided but no money judgment entered as the Lenders seek, the Lenders would be paid in full, the real property would still be encumbered by the liens in favor of the new lenders, and no asset would be available for distribution to creditors. Under this scenario, the Lenders would remain in a "preferred" position vis-a-vis other unsecured creditors and the estate would remain depleted by the amount of the mortgages. The purpose of Section 550 would not be served without a money judgment.

The Lenders argue that Section 550 of the Bankruptcy Code does not apply to the transfer of a conditional interest in property such as a mortgage. According to the Lenders, the avoidance of the mortgages under Section 547 is the sole remedy available to the Trustee. We disagree. Sections 547 and 550 of the Bankruptcy Code create separate and distinct causes of action. *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 371-72 (2006); *In re Willaert*, 944 F.2d at 464; *In re DLC, Ltd.*, 295 B.R. at 606-07. Relief under Section 547 is limited to avoidance of the transfer. In certain instances avoidance of a transfer is sufficient to undo the preferential transfer and make the estate whole. For example, the avoidance of a lien on property under Section 547 is a sufficient remedy where the property is part of the estate and the avoidance results in the value of the avoided lien becoming available for liquidation and distribution to creditors. Such was the case in *Lindquist v. Household Indus. Fin. Co. (In re Vondall)*, 352 B.R. 193 (Bankr. D. Minn. 2006), *aff'd* 364 B.R. 668 (B.A.P. 8th Cir. 2007), upon which the Lenders rely. In contrast, the Debtor's estate would not be made whole by the mere avoidance of the Lenders' mortgages because the property would still be encumbered by the mortgages in favor of the post-petition lenders. Accordingly, mere avoidance is an insufficient remedy in the case at hand.

Again, the decision in *In re Willaert* is instructive. The Eighth Circuit Court of Appeals recognized that the bankruptcy court has the discretion under Section 550(a) to remedy a preferential transfer by ordering either the property or its value returned to the estate; however, the court does not have discretion to order neither remedy. 944 F.2d at 464. The Lenders no longer hold the mortgages. Therefore the Lenders cannot merely return them to the estate. Accordingly, the only remedy available to the estate is a money judgment for the value of the mortgages.

The Lenders also argue that bankruptcy jurisdiction is primarily *in rem*. The Lenders argue that Section 550(a) does not apply to a transfer of a non-possessory interest such as a mortgage because it is not a "thing" which can be recovered under the bankruptcy court's *in rem* jurisdiction. This argument is without merit. The Bankruptcy Code expressly authorizes the recovery of the transferred property or its value. Where the "thing" itself is not available, its value may be recovered instead. 11 U.S.C. § 550(a).

The Lenders also argues that the value of the avoided mortgages which can be recovered under Section 550(a) is limited to the amounts of payments made to the Lenders during the preference period. This argument also lacks merit. The estate is entitled to recover the preferential value of the mortgages. *In re Willaert*, 944 F.2d at 465. The bankruptcy court valued the transfer of the mortgage to MERS as nominee for Decision One at $182,800 and the transfer of the mortgage to MERS as nominee for Intervale at $45,700. This valuation was proper. The mortgage in favor of MERS as nominee for Decision One gave MERS as nominee for Decision One an interest in the Debtor's real property sufficient to satisfy the indebtedness of $182,800. Likewise the mortgage in favor of MERS as nominee for Intervale gave MERS as nominee for Intevale an interest in the Debtor's real property sufficient to satisfy the indebtedness of $45,700. The Debtor listed the value of the real property at $228,500 in the loan applications she submitted to the Lenders and in her Schedule A filed with the bankruptcy court. [See Appellee's Appendix, Exhibit 8, pp. AA-52-64.] The

10

property had sufficient value to support the mortgages. The record thus demonstrates that the value of the Lenders' interests in the Debtor's property received pursuant to the mortgages equaled the amounts due under their respective mortgages. In fact these are the very amounts the Lenders received on account of their interests in the Debtor's real property. These are likewise the amounts the Trustee is entitled to recover from the Lenders under Section 550(a) of the Bankruptcy Code. Any preferential cash payments received by the Lenders from the Debtors are proceeds of the mortgages and their recovery is included in the judgment amounts.

Next the Lenders resort to public policy arguments. The Lenders complain that if the Trustee is entitled to money judgments against them the Lenders will be punished although they committed no wrong. Preference recovery is designed to ensure that all similarly situated creditors receive the same treatment. Without the money judgments, the Lenders will have been paid in full while other unsecured creditors are not. In short, they will have received a preference over other creditors. The Bankruptcy Code favors equality of distribution. The Lenders are not being punished; rather they are receiving the same treatment that the Debtor's other creditors are receiving.

The Lenders argue that the Trustee should pursue the post-petition mortgagee which entered into a post-petition transaction with the Debtor without court authority rather than the Lenders. It is unclear from the record before this Court whether or not court authority was necessary for such refinancing. Additionally, whether or not the Trustee has pursued any litigation against the post-petition mortgagee is not before this Court. Regardless, the Bankruptcy Code does not require the Trustee to sue the post-petition mortgagee. The Bankruptcy Code does authorize the Trustee to sue the Lenders to avoid the preferential mortgages and to recover the value thereof for the bankruptcy estate. This is what the Trustee has properly done.

Finally, the Lenders argue that the judgment issued by the bankruptcy court "penalizes innocent parties." [Appellant's Reply Brief, p. 10.] This argument is no different than the argument claimed by any preference defendant. The policy behind preference recovery is equality of treatment. While the preference defendant feels punished, he or she is merely giving up preferential treatment and instead being placed on par with other creditors. The Lenders argue that by releasing their mortgages they lost any recourse to title insurance policies which might otherwise have provided them with indemnity for the judgments. Most preference defendants lack recourse against third parties for amounts owed under Section 550 of the Bankruptcy Code. Indeed the availability or lack of third party recourse is irrelevant to the Lender's preference liability under Section 550 of the Bankruptcy Code. The Lenders argue that their "only 'sin'" was not ensuring that the mortgage instruments were timely recorded. [Appellant's Reply Brief, p. 10.] This underscores the fact that with careful practice the Lenders could have removed themselves from preference exposure. Accordingly, by affirming the judgment below which properly applied preference law to the facts of the case, this opinion should not have the effect of further destabilizing the mortgage industry as feared by the Lenders. [Appellant's Reply Brief, p. 12.] Rather, it should encourage mortgagees to promptly record mortgage interests.

## CONCLUSION

The recording of the mortgages in favor of the Lenders in the ninety day period preceding the Debtor's bankruptcy petition constituted preferential transfers subject to avoidance under Section 547 of the Bankruptcy Code. The Debtor's post-petition refinancing of the mortgages did not impact the Trustee's ability to avoid the perfection of the mortgages as preferential transfers. Once the mortgages were avoided under Section 547, the Trustee was entitled to a money judgment against each Lender equal to the value of such Lender's preferential mortgage under Section 550(a) of the Bankruptcy Code. A money judgment under Section 550(a) was the only remedy available to restore the bankruptcy estate to the pre-

preference position of the Debtor because the Lenders no longer held the mortgages and thus could not return them to the bankruptcy estate. The judgment of the bankruptcy court is affirmed.

---