**In re Joshua D. SICKELS and Sarah R. Sickels, Debtors.**

**Sheryl Schnittjer, Trustee, Plaintiff,**

**v.**

**Linn Area Credit Union, Defendant.**

**Bankruptcy No. 07–01569.**
**Adversary No. 07–09190.**

United States Bankruptcy Court, N.D. Iowa.

July 11, 2008.

Abbe M. Stensland, Eric W. Lam, Cedar Rapids, IA, for Plaintiff.

Robert J. O'Shea, Cedar Rapids, IA, for Defendant.

## ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT
### (Docs. 10, 18 and 23)

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on May 30, 2008 pursuant to assignment. Attorney Eric Lam appeared for Plaintiff/Trustee Sheryl Schnittjer. Attorney Robert O'Shea appeared for Defendant Linn Area Credit Union (the "Credit Union"). After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

### STATEMENT OF THE CASE

Both parties have filed Motions for partial summary judgment. Trustee requests summary judgment on her case in chief, asserting she has met all elements of § 544(a)(3) and § 362(a)(5) regarding the Credit Union's lien on Debtors' real estate which it perfected postpetition. Both parties assert they are entitled to summary judgment on the issue of whether Trustee is entitled to a monetary judgment under § 550(a).

### TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 10)

Trustee's complaint asserts the Credit Union's mortgage was not recorded prior to the August 29, 2007 petition date. Rather, the Credit Union recorded a copy

of the mortgage on September 27, 2007. Trustee's initial motion for partial summary judgment asserts that, under § 544(a)(3), the Credit Union's lien was not properly perfected. She also argues she is entitled to a ruling under § 362(a)(5) that the recording of the mortgage is void as a postpetition transfer in violation of the automatic stay. No resistance was filed.

At the hearing, counsel for the Credit Union stated that it does not resist partial summary judgment to the extent set out in this motion. Thus, the Court concludes Trustee's Motion for Partial Summary Judgment, Doc. 10, can be granted. The remaining issues relate to the remedy to which Trustee is entitled after making a successful claim under § 544(a)(3) or § 362(a)(5).

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 18) AND TRUSTEE'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 23)

The Credit Union's motion for partial summary judgment asserts that Trustee's sole remedy is avoidance of the lien and she cannot receive a money judgment. It argues a money judgment is not appropriate in cases where a trustee avoids a nonpossessory mortgage lien. When a mortgage lien is avoided, there is simply nothing left to recover under § 550(a). The avoidance of the lien restores Debtors' financial condition to the state it would have been had the mortgage never existed.

Trustee filed a cross motion asserting that the value of the Credit Union's lien is $52,800 and Trustee is entitled to a money judgment in that amount. She asserts the Court may award the value of the lien in addition to avoidance if avoidance is insufficient to make the estate whole. Here, the value of the property has dropped since the property was initially appraised in March 2007, when Debtors were negotiating the mortgage. Thus, Trustee argues mere avoidance of the lien will not make the estate whole.

The Credit Union's mortgage lien, which secures a loan of $52,800, is subject to a first mortgage of $192,000. The mortgage is dated June 13, 2007. (Pl.'s Ex. SJ200.) An appraisal of the property dated March 26, 2007 values it at $272,000. (Pl.'s Ex. SJ201.) An appraisal done in April 2008 states the property's value is between $199,000 and $205,000, (Pl.'s Ex. SJ202.) Trustee argues that, because of the drop in the value of the real estate, the benefit to the estate of avoiding the $52,800 fraudulent transfer is now limited to, at best, $13,000 ($205,000 value minus first mortgage of $192,000). She seeks a judgment of the entire amount of the original loan, arguing that only a money judgment can make the estate whole. Trustee points out that, as Debtors have reaffirmed the debt, the Credit Union has recourse against Debtors if Trustee is granted a judgment.

## CONCLUSIONS OF LAW

██ Trustee asserts that, having met the burden to prove the elements of her claim under § 544(a)(3) against the Credit Union, she is entitled to a judgment under § 550(a) for the value of the Credit Union's lien in the amount of the original loan Debtors received, or $52,800. Section 550 states, in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

. . .

(d) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

11 U.S.C. § 550(a), (d). The Court has discretion under § 550(a) to remedy a § 544(a)(3) transfer by ordering either the property or its value returned to the bankruptcy estate. *See In re Willaert*, 944 F.2d 463, 464 (8th Cir.1991) (discussing § 547(b) avoidance of preferential transfer). Section 550 determines from whom the trustee may recover property, *In re Sherman*, 67 F.3d 1348, 1356 (8th Cir. 1995), and in what form. *In re McLaren*, 236 B.R. 882, 902 (Bankr.D.N.D.1999). The purpose of § 550 is to restore the debtor's financial condition to the state it would have been had the transfer not occurred. *In re DLC, Ltd.*, 295 B.R. 593, 607 (8th Cir. BAP 2003); *see also Willaert*, 944 F.2d at 464 (stating the purpose of § 547(b)'s avoidable preference provision is to restore the bankruptcy estate to its pre-preferential transfer condition).

 Avoidance and recovery are distinct concepts. *DLC, Ltd.*, 295 B.R. at 606; *In re Schwartz*, 383 B.R. 119, 126 (8th Cir. BAP 2008) (stating §§ 547 and 550 create separate and distinct causes of action). The fact that avoidance and recovery are distinct suggests that avoidance need not always trigger recovery. *In re Burns*, 322 F.3d 421, 427 (6th Cir.2003). The remedy of recovery is only necessary when the remedy of avoidance is inadequate. *Id.* In *Burns*, the court stated that avoidance of a defective mortgage is an adequate remedy in and of itself. Under the Bankruptcy Code, immediately upon avoidance of the mortgage interest it becomes part of the bankruptcy estate. *Id.* at 428, citing 11 U.S.C. § 544(a) (avoidance of unperfected transfer), § 551 (preserva-tion of the transfer for the estate), and § 541(a)(4) (property of the estate includes property preserved under § 551).

In *In re Vondall*, 352 B.R. 193, 200 (Bankr.D.Minn.2006) (Kressel, J.), the court denied the Chapter 7 trustee's request for a money judgment after a mortgage was avoided under § 544(a). It stated that avoidance of a grant of a security interest is sufficient to recover the transferred property. *Id.; DLC, Ltd.*, 295 B.R. at 602 n. 7. "Ordering [the creditor] to pay the trustee the value of its secured claim would allow the trustee to collect twice on [the] secured claim—once from [the creditor] and again by realizing on [the] preserved mortgage." *Vondall*, 352 B.R. at 200. Other courts have come to similar conclusions. *See In re Early*, 2008 WL 2073917, at *4 (Bankr.D.D.C. May 12, 2008) (resort to § 550(a) to recover a lien is almost never necessary); *In re Salinitro*, 355 B.R. 15, 19 (Bankr.E.D.Mich.2006) (upon avoidance under § 544, mortgage is preserved for the benefit of the estate and there is nothing for the trustee to recover under § 550(a)); *In re Unglaub*, 332 B.R. 303, 323 (Bankr.N.D.Ill.2005) (avoidance of mortgage under § 544 makes bankruptcy estate whole).

The Eighth Circuit Bankruptcy Appellate Panel distinguished *Vondall* in *Schwartz*, noting that, in contrast, the *Schwartz* bankruptcy estate would not be made whole by mere avoidance of the mortgages because the prepetition lenders no longer held the mortgages. 383 B.R. at 126. In *Schwartz*, the only remedy available was a money judgment against the prepetition lenders for the value of the mortgages. *Id.*

The court in *Burns* noted that many cases will turn on whether the creditor's interest is possessory or nonpossessory, a distinction which does not explicitly appear in the Bankruptcy Code. 322 F.3d at 428.

The Code, however, implicitly suggests such a distinction because recovery under § 550 imparts a notion that a possessory interest in property exists while preservation under § 551 is by its very nature only applicable to nonpossessory interests. *Id.* at 429; *see also In re Morgan,* 276 B.R. 785, 792 (Bankr.N.D.Ohio 2001) ("[W]hen a nonpossessory interest in property is avoided, there is nothing left to recover."). In *In re Berg,* 387 B.R. 524, 569 (Bankr. N.D.Ill.2008), the court also referred to legislative history to find that Congress intended that an avoided nonpossessory lien would automatically be preserved pursuant to § 551 regardless of any benefit to the estate. "The remedy of avoidance is adequate for a non-possessory mortgage interest by operation of 11 U.S.C. § 551." *Id.*

The cases and examples Trustee cites include instances where a creditor received a transfer of property, rather than a transfer of a lien on property. In *In re Davenport,* 147 B.R. 172, 185 (Bankr.E.D.Mo. 1992), the court awarded a judgment against defendants who had received an avoidable transfer because the funds subject to the transfer had been dissipated and lost. In *In re Computer Universe, Inc.,* 58 B.R. 28 (Bankr.M.D.Fla.1986), the court granted a judgment where ordering return of computer equipment, used by the defendant for over a year, would be inappropriate. Counsel for Trustee gave an example at the hearing of a transfer of shares of stock which lose value between the time of transfer and the time of avoidance of the transfer. Stock, unlike a lien on property, would be *property in the* possession of the hypothetical transferee.

## ANALYSIS

■ Trustee and the Credit Union agree that the Credit Union's lien, purportedly perfected postpetition, is void as a violation of the automatic stay under § 362(a)(5) and voidable under § 544(a)(3) because it was improperly perfected. The parties, however, dispute whether Trustee is entitled to a money judgment under § 550(a). The Court concludes that, the Credit Union's mortgage lien, avoided under § 544(a), is preserved for the benefit of the estate under § 551 and Trustee is not entitled to further recovery under § 550(a) in the form of a money judgment.

Avoidance of the lien constitutes a complete recovery for the bankruptcy estate. No further recovery is allowed or necessary to remedy the avoidable transfer or put the estate back into the financial condition Debtors enjoyed prior to the transfer. By avoiding the lien, the bankruptcy estate now holds the property subject only to the first mortgage, just as Debtors did prior to granting the Credit Union a second mortgage to secure a loan. If the Court also awarded Trustee a judgment in the amount of the loan, Trustee would be allowed to collect twice on the avoided mortgage lien. Such a result is precluded by § 550(d). In summary, the Court concludes that the Credit Union's motion for partial summary judgment should be granted. Trustee is not entitled to a monetary judgment under § 550(a).

**WHEREFORE,** Plaintiff's Motion for Partial Summary Judgment (11 U.S.C. §§ 362 and 544) (Doc. 10) is GRANTED without resistance by Defendant Linn Area Credit Union.

**FURTHER,** Defendant Linn Area Credit Union's Motion for Partial Summary Judgment (Doc. 18) is GRANTED.

**FURTHER,** Plaintiff's Cross Motion for Partial Summary Judgment (Re: Remedy) (Doc. 23) is DENIED.

**FURTHER,** Linn Area Credit Union's mortgage lien is void under §§ 362 and 544.

**FURTHER,** Trustee is not entitled to a monetary judgment under § 550(a).

**FURTHER,** judgment shall enter accordingly.