In re Paul B. **BREMER,** Suzanne M. Bremer, also known as Suzanne Marie Bremer, formerly known as Suzanne Marie Buckley, formerly known as Suzanne Marie Crow, Debtors.

Simon E. Rodriguez, Trustee, Plaintiff–Appellant,

v.

Daimlerchrysler Financial Services Americas LLC, Defendant–Appellee.

In re James Richard Trout, Jennifer Dagmar Trout, formerly known as Jennifer Dagmar Sommer, Debtors.

Simon E. Rodriguez, Trustee, Plaintiff–Appellant,

v.

Drive Financial Services, LP, Defendant–Appellee.

BAP Nos. CO–08–080, CO–08–081. Bankruptcy Nos. 07–22479 ABC, 08–10187 ABC. Adversary Nos. 08–01248 ABC, 08–01244–ABC.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 29, 2009.

David Wadsworth of Sender & Wasserman, P.C., Denver, CO, for Plaintiff–Appellant.

Stephen P. Hale of Hale, Dewey & Knight, PLLC, Memphis, TN, (Neal K. Dunning of Brown, Berardini & Dunning, P.C., Denver, CO, with him on the briefs), for Defendant–Appellee Daimlerchrysler Financial Services Americas LLC.

Jack L. Smith (Rochelle N. Rabeler with him on the briefs) of Holland & Hart, LLP, Denver, CO, for Defendant–Appellee Drive Financial Services, LP.

Before NUGENT, THURMAN, and KARLIN, Bankruptcy Judges.

NUGENT, Bankruptcy Judge.

It is commonplace in bankruptcy for trustees to avoid unperfected liens and enforce them for the benefit of the estate. The Bankruptcy Code makes it clear that an avoided lien is retained for the estate's benefit in 11 U.S.C. § 551.[1] These cases focus on what additional relief under § 550(a) the trustee may claim from the transferee and when that relief is appropriate.

Simon E. Rodriguez, as Chapter 7 Trustee for the estates in both cases (the "Trustee"), appeals from orders dismissing his claims for money judgments for the value of the liens he avoided under § 550(a) after the bankruptcy court partially denied his motions for summary judgment. The Trustee appeals both orders and contends that the bankruptcy court's decisions contravene the Bankruptcy Code and Tenth Circuit precedent. Oral argument and a careful review of the law persuade us to AFFIRM.

## I. Appellate Jurisdiction and Standards of Review

We have jurisdiction of these appeals. The Appellant timely filed his notices of appeal from the bankruptcy court's final orders and the parties have consented to this Court's jurisdiction because they have not elected to have these appeals heard by the United States District Court for the District of Colorado.[2]

We review summary judgment orders and any legal conclusions reached in them *de novo*. Here, we specifically review the bankruptcy court's application of § 551 and refusal to apply § 550(a) *de novo*.[3] Further, because § 550(a) is permissive and expressly provides for alternative remedies, we review the bankruptcy court's orders for abuse of discretion.[4]

## II. Factual Background

The facts in these cases are not in dispute. Because they are essentially similar, we recite them in general fashion. In each case, the Debtors purchased vehicles with loans from retail car dealers to whom they

---

1. All future references to "Section" or " § " are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, unless otherwise noted.

2. 28 U.S.C. § 158; Fed. R. Bankr.P. 8001(e); Fed. R. Bankr.P. 8002(a).

3. *U.S. v. Brown,* 348 F.3d 1200, 1208 (10th Cir.2003) (court of appeals reviews district court's interpretation of a statute de novo).

4. *In re Straightline Invs., Inc.,* 525 F.3d 870, 882 (9th Cir.2008) (bankruptcy court's choice of remedies under 550 is reviewed for an abuse of discretion); *In re Armstrong,* 304 B.R. 432, 435 (10th Cir.BAP2004) (matters of discretion are reviewed for abuse of discretion).

granted purchase money security interests ("PMSIs"). Thereafter, the dealerships assigned the PMSIs to the lender Appellees. For various reasons, Appellees' liens were perfected within 90 days of the Debtors' petition dates.

The Trustee sought to avoid the liens as preferences under § 547(b), commencing adversary proceedings that alleged four claims for relief. Among them was a claim for recovery of the value of the avoided liens under § 550(a) and a claim to preserve the liens for the estates under § 551. Thereafter, the Trustee moved for summary judgment on three claims.[5] The bankruptcy court granted partial summary judgments avoiding the preferences, but denied the Trustee's motions for § 550(a) value recovery, holding that with the § 551 preservation of the Debtors' liens for the estates' benefit, the Trustee was not entitled to additional relief under § 550(a). The court dismissed the balance of the Trustee's claims. These appeals followed.

## III. Discussion

The bankruptcy court held that "[w]here, as here, the Trustee avoids only a non-possessory transfer of a lien interest, the preservation of that lien interest for the benefit of the estate is sufficient to place the estate in exactly the same position it would have been in, but for the granting of the lien." [6] We agree with the bankruptcy court's conclusion that avoiding and preserving the Appellees' liens for the benefit of the estates placed these estates in their pre-transfer position.

We begin with the language of the statutes that bear on this dispute. Section 551 provides relief that is automatic and does not require a separate pleading or procedure to obtain. That section provides:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

Section 541(a)(4) makes property preserved by § 551 a part of the property of the estate and essentially effects its "recovery" from the transferee. Thus the liens, once avoided and preserved, become property of the estates.

The Trustee premised his value claims on § 550(a), which states:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 547 ... of this title, the trustee *may* recover, for the benefit of the estate, the property transferred, *or, if the court so orders*, the value of such property[.] [7]

In addressing those claims, the bankruptcy court correctly read the permissive language in § 550(a) to give it the discretion to decide whether recovery of the transferred property was appropriate and if it was, whether the recovery should be of the property transferred or its value.[8] Because it is worded in permissive, not mandatory, language, *i.e.*, "the trustee *may* recover" (emphasis supplied), we consider this construction reasonable. The statute's use of the word "may" justifies this conclusion.

5. The parties eventually settled a fourth claim pertaining to payments and it was subsequently dismissed.

6. *See Rodriguez v. Drive Fin. Servs. L.P. (In re Trout)*, 392 B.R. 869, 871 (Bankr.D.Colo. 2008); *Rodriguez v. DaimlerChrysler Fin.*

*Servs. Ams. (In re Bremer)*, 392 B.R. 873, 875 (Bankr.D.Colo.2008).

7. 11 U.S.C. § 550(a) (emphasis added).

8. *Trout*, 392 B.R. at 871 n. 2; *Bremer*, 392 B.R. at 875 n. 2.

■ We read the word "may" in § 550(a) as granting two levels of discretion: first, in determining whether to allow recovery in any form and second, in determining which of the alternative forms of relief to grant. In short, if the Trustee seeks § 550(a) relief and the bankruptcy court grants that relief, it may either allow recovery of the transferred property, or, "if the court so orders," its value. The word "may" is generally used in the permissive or discretionary sense.[9] Use of the word "may," rather than "shall" or "must" next to the word "recover," denotes that recovery is not mandatory.[10] Even if some relief under § 550(a) were mandatory, the inclusion of the words "if the court so orders" before the value remedy renders the award of a transferred property's value discretionary.

■ Section 550 affords the Trustee a cause of action separate from the substantive avoidance sections (including § 547). Section 550(f) provides that an "action or proceeding" under § 550 must be commenced within a year of the avoidance of the transfer or before the case is closed or dismissed, whichever is earlier. Thus, recovery under the section is a discrete remedy although it cannot be pursued except

"to the extent that a transfer is avoided under section ... 547[.]"[11] While preservation and recovery of avoided transfers are distinct remedies covered in two different sections of the Code, they serve the same purpose of placing the estate in the position it would have been in had the avoided transfer not been made.[12]

■ Here, the bankruptcy court analyzed the interplay between § 550(a) and § 551 and, relying on case law, concluded that they provide mutually exclusive remedies in the lien avoidance context.[13] Preservation is automatic, while recovery is not. Recovery is necessary only when the remedy of avoidance, and therefore of preservation, is inadequate.[14] That is, if avoiding a transfer does not fully satisfy the estate, then the trustee may seek recovery of the property transferred. But if the avoidance and preservation constitute a sufficient remedy, then the trustee need not seek recovery under § 550(a), nor must the bankruptcy court grant it. As Judge Norton's authoritative treatise notes, "[a]n example of avoidance alone being satisfaction is when the trustee successfully avoids a lien[.]"[15] Other courts agree with Judge Norton and view the

---

**9.** *See Black's Law Dictionary* 993 (7th ed. 1999).

**10.** *But see* 5 *Collier on Bankruptcy* ¶ 550.02[3], at 550–9 (15th ed. re 2008) ("The court does not have discretion to order that neither the property nor its value be recovered.") citing *In re Willaert*, 944 F.2d 463, 464 (8th Cir.1991) (stating, without explanation, that once it is determined that a transfer is avoidable, the court must fix the transferee's liability under § 550(a) and does not have discretion to order neither remedy).

**11.** 11 U.S.C. § 550(a).

**12.** *See* 11 U.S.C. §§ 546(a) and 550(f).

**13.** *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427 (6th Cir.2003); 4 *Norton Bankr.L. & Prac.3d* § 70.3. In *Burns*, the Sixth Circuit

held that because the Trustee neither sought nor needed to seek recovery of an avoided mortgage, § 550 did not apply and was unavailable to the trustee. 322 F.3d at 428–429. *Burns* is factually and legally distinct from this case because it involves a creditor's assertion of a lien under § 550(e) where the trustee never sought recovery under § 550(a). Here, the Trustee is seeking "value" recovery under § 550(a). *Burns*, however, is helpful because it sets forth several guiding principles regarding avoidance and recovery.

**14.** *Burns*, 322 F.3d at 427.

**15.** 4 *Norton Bankr.L. & Prac.3d* § 70.3 (citations omitted).

avoidance of a lien as sufficient to recover the transferred property, reasoning that when a lien is avoided, there is nothing left to recover.[16]

Nevertheless, there are circumstances in which avoiding and preserving a lien under § 551 may not suffice to put the estate back to its pre-petition position.[17] In In re Blackburn, for example, the defendant's lien on the debtor's pickup truck was avoided, but prior to the filing of the bankruptcy petition, the dealership repossessed the vehicle and subsequently sold it to a second purchaser. The Blackburn court held that since the truck was owned by a good faith purchaser, avoidance of the lien was no longer a viable option and awarding the trustee the value of the vehicle was the proper § 550 remedy.

Over the years, courts have decided that recovery of property or its value is appropriate in various other circumstances.[18] When the record is devoid of evidence on the property's market value or when conflicting evidence exists on the value of the transferred property, courts have ordered the property to be returned.[19] Where the property is unrecoverable or its value diminished by conversion or depreciation, courts will permit the recovery of value.[20] Another circumstance for awarding the value is when the value is readily determinable and a monetary award would work a savings for the estate.[21] Thus, we decline to hold that § 550(a) relief is unavailable in every lien avoidance case.

■ In the present cases, when the Trustee avoided the Appellees' liens, they were automatically preserved for the benefit of the estate under § 551. This preservation had the same effect as recovering those liens under § 550(a): the estates received the liens. The Trustee was not entitled to any more than the Appellees had by virtue of the transfers.

Before they were avoided, the liens conferred certain contractual and property rights on the Appellees. They could, in appropriate circumstances, take possession of the vehicles and sell them to reduce the Debtors' debts to them. The Trustee avoided and succeeded to those rights, no more and no less.[22] The bankruptcy court

**16.** See Stalnaker v. DLC, Ltd. (In re DLC, Ltd.), 295 B.R. 593, 602 n. 7 (8th Cir.BAP2003), aff'd, 376 F.3d 819 (8th Cir.2004) (avoidance of a grant on a security interest is sufficient to recover the transferred property); Schnittjer v. Linn Area Credit Union (In re Sickels), 392 B.R. 423, 427 (Bankr.N.D.Iowa 2008) (avoidance of the mortgage lien constitutes a complete recovery for the estate).

**17.** See Tidwell v. Chrysler Credit Corp. (In re Blackburn), 90 B.R. 569, 573 (Bankr.M.D.Ga. 1987).

**18.** Morris v. Kan. Drywall Supply Co., Inc. (In re Classic Drywall, Inc.), 127 B.R. 874, 877 (D.Kan.1991) (citations omitted).

**19.** Widemire v. Siddiki Bros., Inc. (In re King Arthur Clock Co.), 105 B.R. 669, 672 (Bankr. S.D.Ala.1989) (no evidence on market value; just amount the debtor was given credit for upon return of the jewelry); Slutsky v. Michel Tire Co. (In re Vann), 26 B.R. 148, 149

(Bankr.S.D.Ohio 1983) (no evidence as to market value of tires removed from the debtor's inventory); Gen. Indus., Inc. v. Shea (In re Gen. Indus., Inc.), 79 B.R. 124, 135–36 (Bankr.D.Mass.1987) (conflicting evidence on plant's value); Cooper v. Ashley Commc'ns, Inc. (In re Morris Commc'ns NC Inc.), 75 B.R. 619, 629 (Bankr.W.D.N.C.1987), rev'd on other grounds, 914 F.2d 458 (4th Cir.1990) (conflicting evidence on stock).

**20.** First Software Corp. v. Computer Assocs. Int'l, Inc. (In re First Software Corp.), 107 B.R. 417, 423–24 (D.Mass.1989); Gennrich v. Mont. Sport, U.S.A., Ltd. (In re Int'l Ski Serv., Inc.), 119 B.R. 654, 658 (Bankr.W.D.Wis. 1990).

**21.** In re Int'l Ski Serv., Inc., 119 B.R. at 659.

**22.** See Morris v. St. John Nat'l Bank (In re Haberman), No. 02–11974–7, 2004 WL 2035341 (Bankr.D.Kan. April 14, 2004), aff'd,

had discretion to determine that the Trustee's preservation and recovery of the liens sufficed to place the estates in their pre-transfer positions. Nothing in the record suggests that the court acted beyond the bounds of permissible choice in determining that lien preservation alone was sufficient.

Finally, the Trustee relies on *In re Haberman* as authority for his claim to recover the value of the liens as of the petition dates. This reliance is misplaced because *Haberman* addresses a different point of law. At issue there was whether the trustee's avoiding and preserving the bank's lien entitled him to recover the value of the loan secured by that lien or the lesser value of the lien itself. In affirming the bankruptcy court, the Tenth Circuit stated that "while § 551 places the estate in the shoes of the displaced lienholder in certain respects, in others it does not."[23] Because the Code's broad definition of transfer does not embrace "contractual promises to future payments," these essentially contractual commitments between the debtor and the bank were "distinct and independent from the present property right created" by the avoided lien and did not accrue to the estate's benefit.[24] Accordingly, the Trustee did not "become" the debtor's creditor and was therefore not entitled to collect the loan from the debtor. "Instead, [the Trustee] receives only the bundle of rights given him by Congress in the Bankruptcy Code [preservation of the lien]."[25]

While it may be true that the vehicles are worth less now than they were at the petition or transfer dates, the Trustee could have recovered and sold the vehicles earlier in his administration. And, once the Trustee had avoided and preserved the liens, he was entitled to the same measure of adequate protection that other secured creditors would receive to protect their secured position. The Code provides trustees with a plethora of avoiding powers to place estates in their pre-transfer positions, but it does not guarantee that assets recovered will be worth what they were at any relevant valuation date. Nor is it for the courts to create that guarantee. Trustees should weigh the costs and benefits of recovering liens on depreciating assets accordingly.

## IV. Conclusion

As the bankruptcy court did not err as a matter of law or abuse its discretion in denying the Trustee's § 550(a) value claim, we AFFIRM.

---

347 B.R. 411 (10th Cir.BAP2006), *aff'd,* 516 F.3d 1207, 1211 (10th Cir.2008) (trustee assumes property relations but not contractual promises to payments).

**23.** *Id.* at 1210.

**24.** *Id.* at 1210, 1211.

