*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0071P (6th Cir.)
File Name: 03a0071p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: GERALD DALE BURNS
and LINDA JANE BURNS,
               *Debtors.*

_____

ANDREW W. SUHAR,
        *Plaintiff-Appellee,*

    *v.*

GERALD DALE BURNS and
LINDA JANE BURNS,
        *Defendants,*

IMC MORTGAGE COMPANY,
     *Defendant-Appellant.*

Nos. 00-3667;
01-4264

Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 98-42868—William T. Bodoh, Bankruptcy Judge.

Argued: November 1, 2002

Decided and Filed: March 10, 2003

Before:  KEITH, KENNEDY, and MOORE, Circuit
Judges.

_____

## COUNSEL

**ARGUED:**  Amelia A. Bower, PLUNKETT & COONEY, Columbus, Ohio, for Appellant. Frederic P. Schwieg, Rocky River, Ohio, for Appellee. **ON BRIEF:** Amelia A. Bower, PLUNKETT & COONEY, Columbus, Ohio, for Appellant. Frederic P. Schwieg, Rocky River, Ohio, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge.  Defendant IMC Mortgage Company ("IMC") appeals from decisions of the Bankruptcy Appellate Panel rejecting IMC's attempt to obtain a recovery lien on certain property (Case No. 01-4264) and refusing to assert jurisdiction over an appeal from the bankruptcy court because it was not timely filed (Case No. 00-3667).  The Debtors' mortgage had been avoided, and IMC, the assignee mortgage company, asserted as a defense that it was entitled to a lien on the property under two provisions of the Bankruptcy Code that permit certain creditors to obtain liens on property that a debtor has recovered. First, IMC sought a lien under 11 U.S.C. § 550(e), and after that request was denied, it sought, through a motion for reconsideration, a lien under a different provision, § 550(b).  The bankruptcy court denied the motion for reconsideration as well.  The Bankruptcy Appellate Panel ("BAP") affirmed the trial court's ruling on the denial of a lien under § 550(e) and, with respect to the § 550(b) defense, concluded that IMC had not amended its notice of appeal to address the denial of the motion for reconsideration within the time limits of the Bankruptcy Rules.  Accordingly, the BAP declined to exercise jurisdiction over that claim.

either have filed a notice of appeal within 10 days, which would have been by February 7, or have filed a motion to extend the time for such a notice.  Rule 8002 requires that such a motion to extend the time have been filed by February 7 or, upon a showing of excusable neglect, within twenty days of that date, which would have been February 28. Fed. R. Bankr. P. 8002(c)(2).  The rule makes no provision for any such motion to extend the time for a notice of appeal beyond February 28.  IMC filed its motion for leave to amend the notice of appeal on March 7, which was after the relevant deadline.  By that point, even a showing of excusable neglect would not have permitted IMC to amend its notice.  *See id.* The case on which IMC relies, *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455 (6th Cir. 1999), is not to the contrary, as it stands for the proposition that a notice of appeal filed while a motion for reconsideration is pending does not become effective until judgment is entered on the pending motion.  *See id.* at 460.  *In re Markowitz* makes clear, however, that if the appellant wishes to appeal the judgment on the motion to reconsider, the appellant must file a new (or, presumably, amended) notice of appeal.  *See id.*

Because IMC did not file its motion to amend the notice of appeal within the ten-day period of Rule 8002, or within the subsequent twenty-day period during which such a motion could have been granted upon a showing of excusable neglect, we affirm the decision dismissing the appeal in Case No. 00-3667.

## IV.  CONCLUSION

Because IMC was not entitled to a lien under § 550 and did not appeal the bankruptcy court's motion to reconsider within Rule 8002's strict time requirements, we **AFFIRM** in both cases.

time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Fed. R. Bankr. P. 8002. This rule conforms to Federal Rule of Appellate Procedure 4, *see id.* 1994 Advisory Committee's Note, and it is similarly interpreted as a jurisdictional requirement, *see Anderson v. Mouradick* (*In re Mouradick*), 13 F.3d 326, 327 (9th Cir. 1994).

Rule 8002 applies equally to amended notices of appeal as well as notices of appeal. Like Appellate Rule 4, the text of which refers only to notices of appeal but which we have held to govern amended notices as well,[4] Bankruptcy Rule 8002's time limit for filing notices of appeal would have little effect if parties could circumvent it by amending an earlier notice to add parties or claims long after the proper period had expired. *See, e.g., F.P.P. Enters. v. United States*, 830 F.2d 114, 118 (8th Cir. 1987) (refusing to permit appellant to amend notice of appeal to add additional appellant after oral argument had occurred).

Under Rule 8002, IMC's attempt to amend its notice of appeal was not timely. The motion for reconsideration was denied on January 26, 2000, and Rule 8002 required that IMC

---

[4] *See Donlin v. Watkins*, 814 F.2d 273, 276 n.1 (6th Cir. 1987); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (holding that Rule 4 prevented appellate court from asserting jurisdiction over appeal of motion to reconsider when initial notice of appeal was not amended to raise motion for reconsideration until after Rule 4's time limits had expired); *City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 1041, 1044-45 (10th Cir. 1994) (applying Rule 4 to amendment of notice of appeal).

Because IMC was not entitled to assert the § 550 defenses and did not timely appeal the § 550(b) decision to the BAP, we **AFFIRM** in both cases.

## I. BACKGROUND

On March 7, 1998, Debtors Linda Jane Burns and Gerald Dale Burns executed a promissory note payable to Defendant Alternative Mortgage Source, Inc. ("AMS") in the amount of $59,200.00, and executed a mortgage deed giving AMS a mortgage interest in their residence. AMS immediately assigned its interest to IMC Mortgage Company ("IMC"). In September of that year, the Debtors filed for bankruptcy, and on January 8, 1999, the Trustee filed this adversary proceeding in the United States Bankruptcy Court for the Northern District of Ohio.

According to the complaint, the Trustee sought a declaration that, pursuant to 11 U.S.C. § 544(a), the Trustee's interest in the property was superior to AMS's interest in the property. The Trustee alleged that the mortgage deed had been signed by only one witness and thus did not conform with Ohio law. The bankruptcy court credited the Debtors' testimony that although the deed itself was notarized and had signatures from two witnesses, only one witness had been present at the signing, and the court accordingly concluded that the second witness signature and the notarization must have been added subsequently. The bankruptcy court concluded that because the mortgage was not executed in accordance with Ohio law, the Trustee could set aside the mortgage under 11 U.S.C. § 544(a)(3), which permits a trustee to avoid any transfer that would be voidable by a bona fide purchaser under state law.

IMC then asserted its defense that notwithstanding the avoidance, 11 U.S.C. § 550(e) entitled IMC to a lien on the property. Section 550 provides for trustees to recover certain transferred properties and for protection to certain creditors from that recovery. Specifically, § 550(a) allows a trustee who avoids a transfer under § 544(a)(3) to recover the interest that was transferred, and § 550(e) provides that good faith

transferees from whom a trustee recovers property under § 550(a) are entitled to a lien on the recovered property to offset the cost of any improvement (including payment of debt) that the transferee made following the transfer. IMC argued that as a good faith transferee (from AMS) who improved the property by paying off debt, it was entitled to a lien in the amount of $53,375.19.

The bankruptcy court concluded that IMC was not entitled to a lien under § 550(e). The statutory language provides for a lien to secure "the cost, to such transferee" of improvements, and IMC had not introduced any evidence that it had actually incurred the cost of the improvements. Rather, the evidence suggested that the money used to satisfy the Debtors' prior mortgages had come from AMS, and IMC was not entitled to take advantage of the improvements made by AMS. The bankruptcy court's order was issued on January 6, 2000, and IMC filed a notice of appeal from that judgment on January 18, 2000.

IMC also filed a motion for reconsideration, arguing for the first time that § 550(b) governs the recovery and lien issues. IMC argued that the bankruptcy court's judgment on § 550(e) overlooked the legislative intent that was expressed in § 550(b). Because § 550(b) states that immediate good faith transferees are entitled to the same protections from a trustee's recovery as those transferees such as AMS who take for value, in good faith, and without knowledge of voidability, IMC argued that § 550(e) should be interpreted similarly so that IMC, as a good faith transferee of AMS, would be entitled to the same protections as AMS. And so to the extent that AMS had provided the Debtors the money they used to satisfy their prior mortgages, IMC argued that the bankruptcy court erred in finding that IMC had not satisfied that requirement of § 550(e).

On January 26, 2000, the bankruptcy court denied IMC's motion for reconsideration. The court went beyond its earlier decision in which it had ruled that IMC did not meet the requirements of § 550(e), and it ruled that § 550 had no

Congress made, and this is not one of those "'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)). The Supreme Court has made clear that in bankruptcy cases, we are to adhere closely to the text of the statute, *see Toibb v. Radloff*, 501 U.S. 157, 162 (1991), and the Bankruptcy Code's text and structure support our conclusions that recovery does not automatically follow from avoidance, and that where there is no recovery under § 550(a), there are no protections under § 550(e). Accordingly, because the Trustee neither sought nor needed to seek recovery, § 550 is not at issue in this case. IMC is thus unable to obtain the § 550(e) lien, and we affirm the decision in Case No. 01-4264.

### III. CASE NO. 00-3667: THE JANUARY 26 § 550(b) CASE

IMC also appeals the BAP's conclusion that the panel lacked jurisdiction to consider IMC's appeal from the January 26 order denying its motion for reconsideration. In order for the BAP to have had jurisdiction over IMC's appeal of the January 26 order on its motion for reconsideration, IMC needed to timely appeal that order. The determination of whether IMC timely appealed is governed by Federal Rule of Bankruptcy Procedure 8002, which in relevant part reads as follows.

(a) Ten-day period. The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

. . . .

(c) Extension of time for appeal. (1) The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order, or decree appealed from [is under certain statutes not at issue here]. (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the

itself appear in the code, *see Black & White Cattle Co. v. Granada Cattle Servs., Inc.* (*In re Black & White Cattle Co.*), 783 F.2d 1454, 1462 (9th Cir. 1986) ("[T]here is nothing in the statute or case law to suggest that Congress meant [to protect] only transferees in possession."), and leaves "a gaping hole . . . in the theory of defense to avoidance powers," David Gray Carlson, *Bankruptcy's Organizing Principle*, 26 Fla. St. U. L. Rev. 549, 609 (1999), the distinction that results from our interpretation is not as baseless as its proponents contend. First, although the *In re Black & White Cattle Co.* court is correct that the code itself does not explicitly refer to a possessory-nonpossessory distinction, the statute does carry implicit suggestions that Congress foresaw this consequence. As one court in our circuit has suggested, the very notion of recovery suggests such a possessory-nonpossessory distinction. That is, the presence of recovery under § 550 and preservation under § 551

> is dependent on whether the interest the trustee avoided was possessory or nonpossessory. In particular, preservation under § 551 is, by its very nature, only applicable to nonpossessory interests, namely liens. . . . On the other hand, the very concept of 'recovery' imparts the notion that a possessory interest in property exists; that is, the property to be recovered must be tangible property. The reason for this is self-evident: when a nonpossessory interest in property is avoided, there is nothing left to recover.

*Morgan v. Liberty Mortgage* (*In re Morgan*), 276 B.R. 785, 792 (Bankr. N.D. Ohio 2001) (citation omitted). Second, the distinction does further one of bankruptcy's important goals. Although our interpretation favors possessory transferees over nonpossessory transferees, it also favors the general creditors over the nonpossessory transferee by not permitting the nonpossessory transferee a § 550(e) lien.

Regardless of whether the possessory-nonpossessory distinction is one that Congress intended, it is one that

applicability to the case at all. Section 550 governs only cases in which the trustee attempts to recover property or the value of property; the trustee in the present case had sought only to declare that his interest in the Debtors' residence was superior to the interest of AMS and IMC. Accordingly, any effort to import § 550(b) into § 550(e), or assert any of the § 550 defenses, was irrelevant.

After this denial of the motion for reconsideration on January 26, IMC's notice of appeal from the January 6 § 550(e) judgment became effective,[1] and the ten-day time period under Fed. R. Bankr. P. 8002(a) in which IMC would be required to file a notice of appeal from the denial of motion for reconsideration, regarding the § 550(b) issue, began to run. IMC did not file such a notice of appeal, but on March 7, it filed a motion for leave to amend its notice of appeal from the January 6 § 550(e) ruling to include the January 26 § 550(b) decision. The bankruptcy court granted the motion the next day, and on March 9, IMC amended its notice of appeal in order to appeal from both the January 6 § 550(e) ruling and the January 26 § 550(b) ruling.

The BAP affirmed the bankruptcy court on the January 6 § 550(e) appeal and dismissed the January 26 § 550(b) appeal. With respect to the January 6 § 550(e) appeal, the BAP ruled that § 550 was inapplicable to the present case. The BAP ruled that when the Trustee had avoided the transfer under § 544, IMC's interest in the property was immediately preserved and automatically became part of the estate pursuant to § 541(a)(4). Accordingly, the Trustee never had to resort to the recovery provisions of § 550, and thus IMC was unable to take advantage of § 550's defenses that create liens following the recovery of property. Therefore the BAP affirmed the bankruptcy court. With respect to the January 26 § 550(b) appeal, the BAP ruled that IMC had not timely

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 8002(b), a notice of appeal filed after entry of judgment but prior to the disposition of a timely motion for reconsideration becomes effective upon the disposition of the motion for reconsideration.

appealed. The ten-day period in which IMC should have appealed the January 26 judgment expired on February 7, and the twenty-day period that Federal Rule of Bankruptcy Procedure 8002(c)(2) allows would-be appellants to move to extend the time for filing a notice of appeal expired on February 28. Thus the district court lacked the authority to grant an extension and to permit the amended notice of appeal.

IMC timely appealed from both decisions, and we have jurisdiction over the appeals pursuant to 28 U.S.C. § 158. We review the decision of the bankruptcy court directly, reviewing its factual findings for clear error and its legal conclusions *de novo*. *Harker v. Troutman* (*In re Troutman Enterprises, Inc.*), 286 F.3d 359, 363 (6th Cir. 2002).

## II. CASE NO. 01-4264: THE JANUARY 6 § 550(e) CASE

This case involves two main concepts in bankruptcy law. The first concept is avoidance, through which a trustee is able to nullify a mortgage-interest transfer that in some way diminished the estate. It is uncontroverted here that the Trustee avoided IMC's mortgage in the Debtors' property. The question, however, is what happened to IMC's mortgage interest upon avoidance. IMC argues that once the transfer was avoided, the Trustee recovered the interest under § 550(a). Recovery, the second concept, is a statutory mechanism through which property may be returned to the estate. The Trustee argues that recovery was unnecessary in the present case, because IMC's interest returned to the estate immediately when the mortgage was avoided, without § 550 recovery. We agree. Accordingly, we do not need to decide whether, as IMC asserts, the protections offered in § 550(e) apply not only to the initial good faith transferees, but also to any subsequent good faith transferees.

### A. Relevant Statutes

Several portions of the bankruptcy code are relevant to this discussion. The analysis begins with 11 U.S.C. § 550, which

statutory scheme provided that, immediately upon avoidance of the transfer, IMC's interest in the Debtors' property returned to the estate without need for resort to the recovery process. First, the transfer was avoided under § 544(a). Second, § 551 provides that, when a transfer is avoided under § 544, the transfer is "preserved for the benefit of the estate." 11 U.S.C. § 551. Section 541 then makes explicit that any interest that is "preserved for the benefit of . . . the estate under section . . . 551" is part of the bankruptcy estate. 11 U.S.C. § 541(a)(4). Thus, immediately upon avoidance of the transfer, IMC's mortgage interest was preserved and became part of the estate.

As a textual and conceptual matter, there are strong reasons to affirm the BAP's conclusion that § 550 did not apply, because the Trustee never sought recovery. As a textual matter, the statute clearly indicates that avoidance and recovery are distinct, and the permissive language of § 550 suggests that recovery is an optional remedy that, in cases such as this one, need not be pursued. As a conceptual matter, the BAP's interpretation offers a coherent explanation of avoidance, recovery, and IMC's interest: upon avoidance, IMC's interest was preserved by § 551 and returned to the estate under § 541. Recovery was not necessary, because the code itself provided for the interest's return to the estate.

We recognize that under our interpretation, many cases will turn on whether a particular creditor's interest in the debtor's property, prior to that interest being avoided, was possessory or nonpossessory. In the case of creditors who have possessory interests in the debtor's property, the trustee will generally have to pursue recovery, because mere avoidance would not bring the property back into the estate's possession. In contrast, in cases involving creditors such as IMC who have nonpossessory interests in the debtor's property, trustees will generally not have to seek recovery, and the creditors will not be entitled to any of the § 550(e) protections.

Although critics argue that this distinction between the holders of possessory and nonpossessory interests does not

concepts of avoiding a transfer and recovering from the transferee." H.R. Rep. No. 95-595, at 375 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6331.  The fact that avoidance and recovery are distinct does not mean that avoidance cannot trigger recovery, but it does suggest that avoidance need not always trigger recovery.

Second, the fact that avoidance is a necessary precondition to § 550 recovery[3] does not imply that avoidance is a sufficient condition for § 550 recovery or that avoidance automatically triggers § 550 recovery.  The trustee's remedy of recovery is necessary only when the remedy of avoidance is inadequate.  That is, when the avoidance of a transfer does not fully satisfy the estate, then the trustee may seek to recover the property transferred, but when the avoidance alone is a sufficient remedy, there is no need for the trustee to seek recovery.  Unlike the court in *In re Krueger*, which determined that the statute made recovery automatic upon avoidance, 2000 WL 895601, at *4, we conclude that the language of § 550, stating that the "trustee *may* recover" property following avoidance, 11 U.S.C. § 550 (emphasis added), is permissive rather than mandatory (the trustee "must" recover) or descriptive (the trustee "thereby" recovers).  *See also* 2 David G. Epstein et al., *Bankruptcy*, § 6-79 at 201 (West 1992) ("Recovery goes beyond avoidance.  Recovery is a bankruptcy remedy for avoidance which makes transferees of the affected property, and also people for whose benefit the transfer was made, personally accountable to the estate for the return of the property or for its value.").

Even assuming that the defective mortgage created a property interest under Ohio law, an assumption we implicitly made in *Zaptocky*, *see In re Zaptocky*, 250 F.3d at 1024, avoidance of that interest was an adequate remedy.  The

---

[3] *See Harrison v. Brent Towing Co.* (*In re H & S Transp. Co.*), 939 F.2d 355, 359 (6th Cir. 1991) ("[A]ccording to the literal language of the statute there must be an avoidable transfer before there can be recovery by the trustee pursuant to section 550(a).").

provides for the recovery of property avoided under other sections and, in § 550(e), offers protections for certain creditors.  The relevant parts of § 550 read as follows.

> (a)  Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from — (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.
> (b)  The trustee may not recover under section (a)(2) of this section from — (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee.
> . . .
> (e)(1)  A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of — (A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and (B) any increase in the value of such property as a result of such improvement, of the property transferred.  (2)  In this subsection, "improvement" includes . . . (D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee . . . .

11 U.S.C. § 550.  Accordingly, for the present case, IMC argues that after the Trustee avoided the mortgage under § 544, the Trustee implicitly sought to recover the interest under § 550(a); without such implicit recovery, IMC argues, the Trustee could not have gained the full interest in the property.  Thus IMC, as a good faith transferee, was entitled

to a lien pursuant to § 550(e) for the cost of the improvements that it made to the property.

Three other statutes are also relevant. The first is § 541(a), which defines the property that comprises the bankruptcy estate.

[The] estate is comprised of all the following property, wherever located and by whomever held: . . . . (3) Any interest in property that the trustee recovers under section . . . 550 . . . of this title. (4) Any interest in property preserved for the benefit of or transferred to the estate under section . . . 551 of this title.

11 U.S.C. § 541(a). The second is § 544(a), which gives the trustee the power to avoid the mortgage for being improperly witnessed.

The trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). The third is § 551, which governs transfers that are avoided and preserves them for the estate.

Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

## B.  Avoidance and Recovery

The Trustee properly avoided the mortgage for being improperly witnessed. Ohio Revised Code § 5301.234, which prior to its repeal provided recorded mortgages an irrebuttable presumption of validity, does not govern this case, which involves a bankruptcy petition filed before the short-lived § 5301.234 became effective.[2] As we held in *Zaptocky v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1027-28 (6th Cir. 2001), another case that involved a bankruptcy petition filed before § 5301.234 went into effect, 11 U.S.C. § 544(a) gives the trustee the power to avoid a mortgage that was improperly witnessed under Ohio law.

Accordingly, we must determine whether IMC is entitled to a lien interest in the property pursuant to § 550(e). Courts in this circuit have split on the issue. *Compare Eisen v. Allied Bancshares Mortgage Corp.* (*In re Priest*), 268 B.R. 135 (Bankr. N.D. Ohio 2000) (holding that mortgage interest is preserved for the estate immediately upon avoidance without recourse to § 550 recovery), *with Helbling v. Krueger* (*In re Krueger*), No. 98-18686, 2000 WL 895601 (Bankr. N.D. Ohio June 30, 2000) (holding that § 550 lien is available to transferee after mortgage was avoided even if there was no actual recovery). We agree with the court in *In re Priest* and hold that because the Trustee neither sought nor needed to seek recovery here, § 550 did not apply, and the § 550(e) lien that IMC sought was unavailable.

First, avoidance and recovery are distinct concepts and processes. This is clear from both the statute itself and from its legislative history. Avoidance and recovery are addressed in two separate sections of the code, 11 U.S.C. § 544 and § 550, respectively, and have two separate statutes of limitations, 11 U.S.C. § 546(a) and § 550(f), respectively. According to the House Report for the Bankruptcy Reform Act of 1978, § 550 "enunciates the separation between the

---

[2]Section 5301.234 became effective on June 30, 1999, and was repealed in an act signed by the Governor on November 2, 2001.