**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0373n.06
Filed: May 10, 2005

**04-5194; 04-5402**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In Re: TRIPLE S RESTAURANTS, INC., | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| J. BAXTER SCHILLING, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DONALD M. HEAVRIN, ROBERT E. | ) | WESTERN DISTRICT OF KENTUCKY |
| HARROD IRREVOCABLE TRUST, and | ) | |
| BOBBIE H. BRIDGES, | ) | |
| | ) | |
| Defendants-Appellants, | ) | |

Before: DAUGHTREY and CLAY, Circuit Judges, and GRAHAM,[*] District Judge.

**PER CURIAM.** The debtor in this bankruptcy case, Triple S Restaurants, was formed by Robert Harrod, who was the corporation's president and a 50 percent shareholder. His stepson, defendant Donald Heavrin, was general counsel for Triple S. When the corporation filed for bankruptcy, right after Harrod died from lung cancer, multiple parties had an interest in the proceeds of an insurance policy on the life of Robert Harrod that had been purchased by Triple S: Triple S's creditors, Triple S itself, and a trust that

---

[*]The Hon. James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Harrod created for the benefit of Heavrin and his step-sister, Bobbie Bridges. Heavrin negotiated to split the policy's proceeds between the trust and one of the corporation's creditors. The bankruptcy trustee filed suit charging that this assignment was fraudulent and that it deprived the bankrupt estate, and therefore its creditors, of money that was rightfully theirs. The bankruptcy court ruled for the trustee, and this order was affirmed by the district court.

On appeal, the defendants contend that the bankruptcy court erred in denying their motions to recuse, to extend the time to appeal, and to permit amendment of the notice of appeal to include the Harrod Trust and Bobbie Bridges as appellants. They also claim that the district court erred in concluding that the bankruptcy court's order was a final judgment. We find no error and affirm.

As the bankruptcy court found, the defendants' motion to recuse was untimely and was therefore properly denied. The notice of appeal filed in the bankruptcy court carried only the name of Donald Heavrin, and more than twice the period allowed for securing an extension of time had passed before the defendants Bridges and the Harrod Trust filed their motion to extend and amend. *See* Federal Rule of Bankruptcy Procedure 8002(a) and (c). We are therefore without jurisdiction to hear their appeal. *See In Re: Burns*, 322 F.3d 421 (6th Cir. 2003). Finally, the district court did not err in determining that the bankruptcy court's judgment was indeed final, because the order resolved all of the trustee's claims for

avoidance and recovery, either by express order or automatic operation of the provisions of Chapter 11.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the bankruptcy court erred in ruling for the trustee. Because the reasons why judgment should be entered for the trustee have been fully articulated by both the bankruptcy court and the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the orders and judgment of the bankruptcy court filed on January 30, 1995, January 22, 2003, and May 28, 2003, as well as the district court's orders entered February 6, 2004, and February 25, 2004, based on the reasoning set out in those orders.