In re Luis G. VAZQUEZ LABOY, Carmen D. Garcia Calderon, Debtors.

Luis G. Vazquez Laboy, Carmen D. Garcia Calderon, Plaintiffs

v.

Doral Mortgage Corporation, Jonh Doe and Richard Doe, Defendants.

Bankruptcy No. 00–00852(GAC). Adversary No. 01–00077.

United States Bankruptcy Court, D. Puerto Rico.

Oct. 9, 2008.

Juan Manuel Suarez Cobo, Legal Partners, PSC, San Juan, PR, for Plaintiff.

Carlos C. Alsina Batista, Sergio Ramirez De Arellano Law Offices, Giselle Lopez Soler, Pietrantoni Mendez & Alvarez LLP, Ana L. Velilla Arce, Mercado & Soto PSC, Dario Rivera Carrasquillo, Dario Rivera Carrasquillo PSC Law Office, Nestor M. Mendez Gomez, Roberto Lefranc Morales, Giancarlo Font, San Juan, PR, for Defendants.

## DECISION AND ORDER

GERARDO A. CARLO–ALTIERI, Chief Judge.

In the present case, the debtors, Luis Vazquez Laboy and Carmen Garcia Calderon, filed an adversary proceeding seeking: a determination that Doral Mortgage Corporation ("Doral") violated the automatic stay; an order requiring Doral to withdraw a mortgage deed registered postpetition; surrender of the mortgage for cancellation and; $25,0000.00 in actual damages, $75,000.00 in punitive damages, costs and attorney's fees (Docket # 1). The debtors contend that Doral perfected a prepetition lien on the debtors' principal residence on December 1, 2000, after the bankruptcy petition was filed.

In the present case, two Decisions and Orders were entered. In the first opinion, the adversary proceeding was dismissed, as requested by Doral. The Court concluded that the postpetition actions by Doral to perfect its lien were excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(3) because the debtors did not notify Doral that the deed was withdrawn because of deficiencies (Docket # 87). Then, a second Decision and Order was entered, vacating the initial Decision and Order. The Court concluded that the postpetition actions by Doral to perfect its lien were prohibited by the automatic stay of 11 U.S.C. § 362(a)(4) because Doral had notice before the petition was filed that its lien had not been recorded because of the deficiencies (Docket # 133). After the Court entered the second Decision and Order, the debtors filed a motion requesting a hearing on damages for Doral's violation of the automatic stay (Docket # 139), to which Doral filed an opposition (Docket # 145).

### I. Background

The pertinent background facts, outlined by the Court in the initial Decision and Order, are that the debtors purchased a property on December 17, 1996, and presented a conveyance deed to the Registry of Property on December 30, 1996. Subsequently, on February 15, 1997, less than sixty days after the presentation of the conveyance deed, the debtors borrowed $25, 000.00 from Doral and subscribed a first mortgage in its favor, which was presented to the Registry of Property. The debtors were notified of deficiencies in the conveyance deed and on May 5, 1997, the conveyance deed was withdrawn by them. The Court concluded that Doral's perfection would have become effective against previously acquired rights in the property, but for the debtors' wrongful act in withdrawing the conveyance deed without notifying Doral or Canales Law Offices, the firm that notarized the mortgage deed. Likewise, the Court concluded that the postpetition acts of Doral and Canales Law Offices were excepted from the automatic stay by 11 U.S.C. § 362(b)(3).

The Court in reconsidering its initial decision and order, found that Doral was aware, prior to the filing of the petition for bankruptcy, that its lien had not been perfected. Thus, the Court ordered Doral to withdraw the mortgage deed and surrender it for cancellation to the debtors.

An untimely Notice of Appeal was filed on November 13, 2006, by the debtors (Docket # 140). On November 17, 2007, the debtors filed a motion requesting a hearing to determine damages and punitive damages (Docket # 141). On December 14, 2006, Doral filed an opposition to the debtors' motion requesting a hearing on damages (Docket # 145).

On January 30, 2007, the appeal was dismissed. On the same day, Doral filed a motion in opposition to motion requesting scheduling conference and/or motion to strike (docket # 153). On June 22, 2007, a hearing was held, where the parties argued for and against debtors' request to further amend the Court's September 21, 2006 Decision and Order, seeking to include an award of actual damages and attorney's fees (Docket # 164). After the hearing was held, the Court ordered Doral to file a brief and the debtors to reply within the twenty days after Doral filed the brief. On July 23, 2007, Doral filed a memorandum of law with some exhibits (Docket # 167). On August 20, 2007, the debtors filed their memorandum of law (Docket # 168). On September 4, 2007, Doral filed a reply to the debtors' memorandum of law (Docket # 173).

## II. Arguments presented by the parties

### A. Debtors

The debtors assert that the Decision and Order rendered in this adversary proceeding is not a final judgment on the merits for which any jurisdictional term applies: (1) because it could only be construed as an order and not a judgment, (2) because the Decision and Order was the result of a motion for the reconsideration of an order dismissing the complaint, (3) because the Clerk did not enter a judgment pursuant to Federal Bankruptcy Rule 9021, (4) because it failed to address and dismiss Doral's counterclaim, Canales Idrach's counterclaim and the amended counterclaim, (5) because it did not provide for all the remedies requested by the debtors in their amended complaint, mainly actual damages, punitive damages, a cease and desist order plus, costs and attorney's fees as provided by 11 U.S.C. § 362(h).

The debtors assert that the Court provided only one of the remedies sought, which was an order directing Doral to withdraw the presented deed and surrender the mortgage note for cancellation. Thus, the debtors request that the Court grant their motion to schedule an evidentiary hearing to determine an award of damages for Doral's violation of the automatic stay.

### B. Doral

Doral contends that: (1) the Decision and Order is a final decision, which triggered all post-judgment jurisdictional terms; (2) that the debtors did not file a timely motion to amend judgment under Federal Rule of Civil Procedure 59(e), nor a timely appeal of said final decision; (3) and that the debtors' motion for reconsideration of the Decision and Order did not comply with the extraordinary requirements of Federal Rule of Civil Procedure 60(b).

Doral also contends that the Decision and Order issued is a final judgment as to all matters decided therein, irrespective of any remaining causes of action in this case, because it resolved the debtors' motion for summary judgment, granting the correct legal remedy in light of the Court's findings, even if it did not grant debtors all of their sought remedies. Further, Doral

contends that the requirements of Federal Bankruptcy Rule 9021, regarding dispositive mandates, does not require a separate document, as already resolved in this case by the First Circuit Bankruptcy Appellate Panel. Finally, that there were unresolved claims involving other parties does not preclude the Decision and Order's finality as to the stay violation and remedy allowed.

Doral asserts that there is no evidence in the record that could support the finding of a willful violation of the automatic stay. Doral further contends that the debtors' claim for damages is unsubstantiated because: (1) the Notary Public's presentation of the mortgage deed for recordation could not be considered a willful violation of the automatic stay by Doral, since there is no agency or privity relationship between the Notary Public and Doral; and because (2) the presentation of a mortgage deed for recordation after a bankruptcy filing cannot generally be considered a willful damaging act by a creditor, regardless of the mortgage's nullity.

## III. *Discussion*

There are two matters pending before the Court, the first matter is if the last Decision and Order (docket # 133) is final as to prevent the Court from scheduling an evidentiary hearing and determining damages for Doral's violation of the automatic stay, and secondly, if the debtors are entitled to seek an award of damages for the violation of the automatic stay by Doral.

### A. *Finality of Decision and Order*

■ In the case of *Riley v. Kennedy*, — U.S. —, 128 S.Ct. 1970, 170 L.Ed.2d 837 (2008), the United Sates Supreme Court again defined a final Judgment. The Supreme Court held that a final judgment is " 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Riley v. Kennedy*, — U.S. —, —, 128 S.Ct.

1970, 1981, 170 L.Ed.2d 837 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). The Supreme Court further stated: "[w]e have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final." *Riley v. Kennedy*, — U.S. —, —, 128 S.Ct. 1970, 1981, 170 L.Ed.2d 837 (2008)(citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976)).

Federal Rule of Civil Procedure 54(b), titled "Judgement Upon Multiple Claims or Involving Multiple Parties" provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon a express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.* (emphasis added)

Federal Rules of Civil Procedure 54(b).

■ In the present case, the debtors requested that the Court award $25,000.00 in actual damages, $75,000.00 in punitive damages plus, cost and attorney's fees (Docket # 1). They also requested an order from the Court directing Doral to

cease and desist from violating the automatic stay, and for an order directing Doral to withdraw its mortgage deed and surrender it for cancellation. (Docket # 1)

In the first Decision and Order, the adversary proceeding was dismissed. Then, after the debtors sought reconsideration, the Court vacated its first Decision and Order and held that Doral in fact violated the automatic stay. The Court then ordered Doral to withdraw its mortgage deed and surrender it for cancellation. After the Decision and Order was entered, no further action was taken by the Court, a judgment was not entered, and the adversary proceeding was not closed.

The Court finds that it did not adjudicate all the claims, or rights and liabilities that the debtors requested in their complaint. Thus, the Court concludes that the Decision and Order entered is final but, only as to the matters therein decided. This being, that the registrar of the mortgage violated the automatic stay, and that Doral had to withdraw its mortgage deed and surrender it for cancellation. The Court concludes that because it did not resolve all the remedies or claims requested in the complaint this being: the request for $25,000.00 in actual damages, $75,000.00 in punitive damages, costs and attorney's fees, it can now decide if the debtors are entitled to damages because of Doral's violation of the automatic stay.

B. *The Automatic Stay and Entitlement to Damages*

■ The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 340–342 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296–97. "It allows the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy." *Id.*

The automatic stay provision specifically outlines those acts which are prohibited, including "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The automatic stay also prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case …" 11 U.S.C. § 362(a)(5).

■ When a creditor willfully acts after the filing of a bankruptcy petition, and without authorization from the Court, to enforce any lien against the debtor and the action causes the debtor injury, the debtor may recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(h). The burden is on the debtor to prove by a preponderance of the evidence that they suffered damages as a result of the stay violation. *In re Heghmann*, 316 B.R. at 403–404 (1st Cir. BAP2004).

■ The present case is more like an avoidance action, in which Doral tried to perfect a lien postpetition, than a common violation of the automatic stay. The Bankruptcy Appellate Panel for the 6th Circuit explained that "the fact that avoidance and recovery are distinct suggests that avoidance need not always trigger recovery." *In re Burns*, 322 F.3d 421, 427 (6th Cir. 2003). Although in *Burns*, the trustee filed an adversary proceeding to avoid a mortgage lien, invoking §§ 547 and 550, the circumstances are similar because the trustee in *Burns* also requested that the court award damages. The Bankruptcy Appellate Panel for the 6th Circuit held

that "the remedy of recovery is only necessary when the remedy of avoidance is inadequate." *In re Burns,* 322 F.3d 421, 427 (6th Cir.2003). The Appellate Panel concluded "that avoidance of a defective mortgage is an adequate remedy in and of itself." *Id.*

Likewise, in the case of *In re Sickels,* the parties were in agreement that a violation of the automatic stay had occurred, and that the lien was void because it was perfected postpetition. *In re Sickels,* 392 B.R. 423, 426–27 (Bankr.N.D.Iowa 2008). The parties, however, disputed whether the trustee was entitled to a money judgment under § 550(a). *Id.* The Court concluded that the trustee was not entitled to further recovery under § 550(a) in the form of a money judgment. *Id.*

In the present case, the debtors are requesting $25,000.00 in actual damages, $75,000.00 in punitive damages, costs and attorney's fees. The debtors through the present adversary proceeding had the opportunity to litigate the validity of Doral's lien and won. The Court concludes that by avoiding what would otherwise have been a secured lien in favor of Doral in the amount of $25,000.00, the debtors have obtained an adequate remedy in and of itself. The Court also concludes that neither of the parties were frivolous in asserting their respective claims and thus, no costs nor attorney's fees will be awarded.

## ORDER

WHEREFORE, IT IS ORDERED that the Motion for an evidentiary hearing (Docket # 139), shall be, and it is hereby, Denied.

SO ORDERED.