Luis G. VÁZQUEZ LABOY
and Carmen D. Garcia
Calderon, Debtors.

Luis G. Vázquez Laboy and Carmen
D. Garcia Calderon, Plaintiffs–
Appellants,

v.

Doral Mortgage Corporation, Doral Financial Corporation, and Edgardo Canales Idrach, d/b/a Canales Law Offices, and Angel Rolán Prado, Defendants–Appellees.

BAP No. PR 08–095.
Bankruptcy No. 00–00852–GAC.
Adversary No. 01–00077–GAC.

United States Bankruptcy Appellate Panel
for the First Circuit.

Oct. 23, 2009.

Juan M. Suárez Cobo, Esq., and Jaime L. Velasco Bonilla II, Esq., on brief for Appellants.

Giancarlo Font Garcia, Esq., on brief for Appellees, Edgardo Canales Idrach, d/b/a Canales Law Offices, and Angel Rolan Prado.

Néstor M. Méndez Gómez, Esq., and Giselle Lopez Soler, Esq., on brief for Appellee, Doral Mortgage Corporation.

Before HILLMAN, BOROFF, and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

ROSENTHAL, Bankruptcy Appellate Panel Judge.

Luis G. Vázquez Laboy and Carmen D. García Calderón (the "Debtors"), filed an adversary proceeding seeking a determination that the postpetition actions of Doral Mortgage Corporation ("Doral") and others to perfect a prepetition lien violated the automatic stay. The Debtors sought an order requiring Doral to withdraw the mortgage deed and surrender the mortgage for cancellation, and $25,000 in actual damages, $75,000 in punitive damages, attorneys' fees, and costs. Although the bankruptcy court initially dismissed the adversary proceeding, it subsequently vacated that decision, concluding that Doral's postpetition actions violated the automatic stay and ordering Doral to surrender the mortgage for cancellation. The Debtors then filed a motion requesting an evidentiary hearing on damages. The bankruptcy court denied the Debtors' motion, concluding that avoidance of Doral's $25,000 lien was an adequate remedy, and that no monetary damages were warranted.

The Debtors appealed, arguing that the bankruptcy court deprived them of procedural due process by denying the motion without affording them an opportunity to present evidence as to the amount of their damages, and that the bankruptcy court erred in denying monetary damages, costs, and attorneys' fees. For the reasons set forth below, we conclude that the record on appeal fails to provide a sufficient basis for reviewing the bankruptcy court's decision, and, therefore, we summarily **AFFIRM.**

## BACKGROUND

Prior to this bankruptcy case, the Debtors purchased certain real property in Corozal, Puerto Rico, and presented a conveyance deed to the Registry of Property for recordation. Shortly thereafter, the Debtors borrowed $25,000 from Doral and executed a first mortgage in its favor. Appellee Angel Rolan Prado ("Rolan") was notary for the mortgage deed, and appellee Edgardo Canales Idrach, d/b/a Canales Law Offices, was Rolan's employer ("Canales" and, collectively with Rolan, the "Canales Defendants"). Although the Canales Defendants thereafter presented the mortgage deed to the Registry of Property for recordation, the mortgage was not recorded at that time due to certain defects in the conveyance deed. No action was taken to cure the defects, and the deadline to record the mortgage expired. Although Doral admits that it became aware prior to the petition date that its mortgage was unrecorded, it took no corrective action at that time.

The Debtors filed a chapter 13 petition in January, 2000,[1] and the case was subsequently converted to chapter 7. On December 1, 2000, ten months after the bankruptcy filing, Doral and the Canales Defendants filed a corrected conveyance deed with the Registry of Property and again presented the mortgage deed for recordation.

On August 21, 2001, the Debtors filed their adversary complaint against Doral and the Canales Defendants[2] alleging that their postpetition actions to record the

---

**1.** The Debtors' case was commenced before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23. Therefore, unless otherwise noted, all references to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Re-

form Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.*

**2.** Rolan and Canales were not named in the original complaint, but were subsequently added as defendants in an amended complaint.

mortgage deed violated the automatic stay. Doral moved to dismiss the complaint and, on August 29, 2003, the bankruptcy court entered a Decision and Order concluding that the postpetition actions to perfect Doral's prepetition lien were excepted from the automatic stay pursuant to § 362(b)(3), and dismissing the adversary proceeding. In so holding, the bankruptcy court found that Doral was unaware that its mortgage was unrecorded until after the bankruptcy filing, and that its perfection would have become effective against previously acquired rights in the Property but for the Debtors' wrongful conduct in withdrawing the conveyance deed.

The Debtors moved for reconsideration, and, following various proceedings that spanned several years, the bankruptcy court issued a second Decision and Order dated September 21, 2006, in which it vacated the initial Decision and Order due to manifest errors of fact and law. Specifically, the bankruptcy court concluded that it had erred in finding that Doral was not aware that its lien had not been recorded until after the bankruptcy filing, and in concluding that the Debtors' conduct in withdrawing the conveyance deed was wrongful. The bankruptcy court also concluded that it erred in its legal conclusion that the appellees' postpetition actions to perfect Doral's lien were excepted from the automatic stay pursuant to § 362(b)(3). As a result, the bankruptcy court ordered Doral to withdraw the mortgage deed and surrender it to the Debtors for cancellation. The Canales Defendants filed an untimely notice of appeal, and the appeal was dismissed for lack of jurisdiction.

Thereafter, the Debtors filed a motion requesting a hearing to determine damages for the stay violation pursuant to § 362(h).[3] The Debtors also filed a motion requesting the bankruptcy court to schedule a conference "to discuss any pending matters prior to the hearing on damages," which the bankruptcy court granted. On June 22, 2007, the bankruptcy court held a "status and scheduling conference" (the "Status Conference").

On October 8, 2008, the bankruptcy court issued its third Decision and Order (the "Order") denying the Debtors' motion for an evidentiary hearing on damages. The bankruptcy court concluded that avoidance of Doral's $25,000 lien was an adequate remedy, and that no monetary damages were warranted. In so holding, the bankruptcy court stated:

> The present case is more like an avoidance action, in which Doral tried to perfect a lien postpetition, than a common violation of the automatic stay. The Bankruptcy Appellate Panel for the 6th Circuit explained that "the fact that avoidance and recovery are distinct suggests that avoidance need not always trigger recovery." *Suhar v. Burns (In re Burns),* 322 F.3d 421, 427 (6th Cir. 2003). Although in *Burns,* the trustee filed an adversary proceeding to avoid a mortgage lien, invoking § 547 and 550, the circumstances are similar because the trustee in Burns also requested that the court award damages. The Bankruptcy Appellate Panel for the 6th Circuit held that "the remedy of recovery is only necessary when the remedy of avoidance is inadequate." *In re Burns,* 322 F.3d 421, 427 (6th Cir.2003). The Appellate Panel concluded "that avoidance of a defective mortgage is an adequate remedy in and of itself." *Id.*

**3.** Section 362(h) was redesignated as § 362(k) as part of BAPCPA. However, these changes are not applicable to the present case because the Debtors filed their bankruptcy petition before BAPCPA's effective date. All citations to § 362(h) will be to the pre-BAPCPA version unless otherwise noted.

The bankruptcy court further concluded that "neither of the parties were frivolous in asserting their respective claims' and thus, no costs nor attorneys' fees will be awarded." The bankruptcy court entered judgment on December 17, 2008, and this appeal ensued.

## JURISDICTION

Before addressing the merits of an appeal, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 646 (citations omitted), whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). Generally, bankruptcy court orders imposing or denying damages for violations of the automatic stay under § 362(h) are final appealable orders. *See Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 400 (1st Cir. BAP 2004) (citations omitted).

## STANDARD OF REVIEW

Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20, n. 8 (1st Cir. 1994). Generally, the Panel reviews a bankruptcy court's assessment of damages for violations of the automatic stay for an abuse of discretion. *See Heghmann*, 316 B.R. at 400 (citing *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 973 (1st Cir.1997); *Varela v. Ocasio (In re Ocasio)*, 272 B.R. 815, 822 (1st Cir. BAP 2002)).

> Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

*Id.* (citing *Melendez Colon v. Rivera (In re Melendez Colon)*, 265 B.R. 639 (1st Cir. BAP 2001)).

## DISCUSSION

### I. Due Process

Although this case involves the issue of damages under § 362(h), the Panel must first determine whether this appeal involves the fundamental right to due process. The Debtors argue that their due process rights were violated because they were not afforded an evidentiary hearing on their request for damages under § 362(h).

The Fifth Amendment provides in pertinent part that "no person shall be ... deprived of life, liberty, or property, without due process of law...." U.S. Const. Amend. V. "The fundamental requisite of due process of law is the opportunity to be heard." *Dusenbery v. United States*, 534 U.S. 161, 173, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (citation omitted).

In order to satisfy the requirements of due process, the opportunity to be heard "need not be a full adversarial hearing but must be preceded by adequate notice and must afford [the party] a meaningful opportunity to speak in [his] own defense." *Matthews v. Harney County, Or., Sch. Dist. No. 4*, 819 F.2d 889, 892 (9th Cir.1987). The essence of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

It is undisputed that the bankruptcy court never scheduled an *evidentiary* hearing regarding the Debtors' request for damages prior to determining that they were not entitled to damages and attorneys' fees. The Debtors argue that this case is identical to *Rijos v. Banco Bilbao Vizcaya (In re Rijos)*, 263 B.R. 382 (1st Cir. BAP 2001), in which the Panel concluded that the bankruptcy court's failure to afford the debtors an opportunity to address the issue of damages at an evidentiary hearing violated "fundamental principles of due process." In *Rijos*, the Panel specifically noted that the record on appeal did not reflect that the debtors "had any notice, let alone 'notice reasonably calculated under the circumstances' to apprize them that the court intended to rule on the issue of damages and attorney's fees without a hearing." Id. at 393. Doral argues that this case is distinguishable from *Rijos* because the bankruptcy court held several hearings in these proceedings. According to Doral, the bankruptcy court held the June 22, 2007 Status Conference specifically to address the issue of damages, and that the Debtors were afforded the opportunity to present their position at that hearing, yet they "failed to include any evidence or even offer proof of an injury caused by the alleged violation of the automatic stay." Unfortunately, the hearing transcript is not contained in the appellate record, and thus we are unable to ascertain what arguments and/or evidence were presented at the Status Conference, or whether the bankruptcy court made any oral findings or rulings at that hearing.

 As the appellants in this matter, the Debtors bear the burden of establishing that the Panel should reverse the Order. *See Wilson v. Wells Fargo Bank, N.A. (In re Wilson)*, 402 B.R. 66, 69 (1st Cir. BAP 2009) (citing *Mountain Peaks Fin. Servs. v. Shepard (In re Shepard)*, 328 B.R. 601, 603–604 (1st Cir. BAP 2005)). An appellant's failure to provide a hearing transcript is fatal to an appeal where "the Panel is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings." *Id.* (citing *Gagne v. Fessenden (In re Gagne)*, 394 B.R. 219, 225 n. 7 (1st Cir. BAP 2008)).

"When an appellant fails to provide a record of evidence material to the point the appellant wishes to raise, and thus leaves the appellate court with an insufficient basis to make a reasoned decision, the court in its discretion may either consider the merits of the case insofar as the record permits, or may dismiss the appeal if the absence of a full record thwarts intelligent and reasoned review." *Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 963 (1st Cir. 1995); *see also Campos–Orrego v. Rivera*, 175 F.3d 89, 93 (1st Cir.1999) (parties seeking appellate review "must furnish the court with the raw materials necessary to the due performance of the appellate task"); *Moore v. Murphy*, 47 F.3d 8, 10–11 (1st Cir.1995) (holding that if the record on appeal is so deficient as to preclude the appellate court from reaching a reasoned determination on merits, the appellant must bear brunt of an insufficient record); *In re Abijoe Re-*

**332**

*alty Corp.*, 943 F.2d 121, 123 n. 1 (1st Cir.1991) (explaining that court would only evaluate the claims of error to extent permitted by limited record on appeal).

*Id.* at 69–70.

 Here, the Debtors did not include in their appendix or in the record on appeal a transcript of the Status Conference, and there is no evidence in the record as to what occurred at that hearing. Without a transcript of the hearing, we cannot ascertain whether the Debtors were afforded the opportunity to present arguments and/or evidence on the issue of damages. Therefore, we are unable to determine whether there were any due process violations. "The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted...." *In re Abijoe Realty Corp.*, 943 F.2d 121, 123 n. 1 (1st Cir.1991); *see also Torres Martinez v. Arce (In re Torres Martinez)*, 397 B.R. 158, 166 (1st Cir. BAP 2008) (appellants bear the burden of providing the appellate court with all transcripts necessary to address the issues raised on appeal).

## II. Section 362(h) and Damages for Willful Violation of the Automatic Stay

 The Bankruptcy Code creates a statutory remedy for individual debtors who are injured by violations of the automatic stay. Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). Courts within the First Circuit have concluded that the words "shall recover" indicate that

"Congress intended that the award of actual damages, costs and attorney's fees be *mandatory* upon a finding of a willful violation of the stay." *Heghmann*, 316 B.R. at 405 n. 9 (emphasis added) (citing *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995)).

 Therefore, when a creditor willfully acts after the filing of a bankruptcy petition, and without authorization from the bankruptcy court, to enforce any lien against the debtor and the action causes the debtor injury, the debtor is entitled to recover actual damages, including costs, and attorneys' fees, and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(h). However, damages are not imposed as a matter of course. Rather, the burden is on the debtor to establish by a preponderance of the evidence that he suffered actual damages as a result of the stay violation. *Heghmann*, 316 B.R. at 403–404; *see also In re Flack*, 239 B.R. 155, 163 (Bankr.S.D.Ohio 1999) (citation omitted).

 Accordingly, in determining whether to award damages under § 362(h), the bankruptcy court must first consider whether: (1) the actions which violated the automatic stay were willful; and (2) whether the debtor suffered an injury due to those violations.

 Here, the bankruptcy court concluded that avoidance of Doral's $25,000 lien was an adequate remedy, and that no monetary damages were warranted. In order for the Panel to review whether the bankruptcy court abused its discretion in so holding, the Debtor must provide the Panel with an appellate record that is adequate to show what was argued before and presented to the bankruptcy court on the damages issue. A transcript of the hearing is an essential part of the appellate record in this case, and the Debtors' fail-

ure to provide the Panel with a copy of the transcript is fatal to their appeal. Without a copy of the transcript, the Panel is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings. Moreover, the Panel is unable to determine what evidence was before the bankruptcy court when it made its decision. Thus, the Debtors' failure to provide a copy of the transcript thwarts any attempt by this Panel to apply the abuse of discretion standard.

## CONCLUSION

Because the record on appeal fails to provide a sufficient basis for reviewing the bankruptcy court's decision, we summarily **AFFIRM** the Order.